### Sherrow v. Watts' Adm'r et al.
### Sherrow v. Bottoms et al.
### Sherrow v. Conder et al.

January 31, 1950.

Rehearing denied March 9, 1950.

K. S. Alcorn, Judge.

C. E. Rankin and Draffen & Dean for appellants.

Chas. S. Matherly, I. C. James, J. Marshall McCann, Clay & Clay and Draffen & Dean for appellees.

VAN SANT, COMMISSIONER—Affirming.

The judgment appealed from was entered pursuant to a verdict of a jury rendered on the trial of consolidated actions growing out of an automobile accident which occurred on State Highway No. 152 between Harrodsburg and Burgin on the afternoon of June 8, 1947.

W. H. Parker was driving his automobile easterly in the direction of Burgin. Ormond Bottoms, in possession of his father's Marshall Bottoms's, automobile

under the Family Purpose Doctrine, was driving in the same direction trailing the Parker car. Riding with him as guests were W. L. Conder and Robert Edwin Watts. Hogan Sherrow, with Paul Sallee as his guest, was driving his automobile in the opposite, a westerly, direction toward Harrodsburg, his intended destination. Close to the brink of a hill, the Bottoms and Sherrow cars collided near the center of the highway. The Parker car was either traveling or stopped near or on the southerly berm of the highway at a place near the point of collision of the other cars. The right front fender and the right half of the grill of each of the colliding cars struck the other. As a result of the collision, Watts was killed instantly, Conder received severe injuries, Bottoms, Sherrow, and Sallee received slight injuries, whilst Parker and his automobile were untouched.

Watts's Administrator and Conder, by his next friend, in separate actions, sued Bottoms, his father, and Sherrow, alleging concurrent negligence; and, by amended petition, sued Parker in the same actions alleging Parker's negligence concurred with the others to bring about the respective injuries complained of. Sherrow and Sallee filed separate actions against the Bottomses, both father and son. All defendants except Parker counterclaimed and filed cross-petitions against their codefendants. The parts of the judgment presented on this appeal allowed recovery in favor of Watts's Administrator and Conder against Bottoms, Sherrow, and Parker, and dismissed Sherrow's petition against Bottoms on the ground of contributory negligence.

There are four theories of the case. Parker's theory is that he did not participate in any way; he was merely driving at a speed of approximately thirty-five miles per hour on the southerly edge of the highway where he had a right to be, and that Bottoms attempted to pass him, and in doing so collided with Sherrow's car whose driver was traveling at an excessive rate of speed and had not signalled his approach to the hill. Bottoms's theory is that he wwas trailing Parker, who suddenly slowed and stopped without signalling his intent to do so, thus creating an emergency from which Bottoms tried to extricate himself by passing the Parker car; at that moment the Sherrow car, traveling in the center of the highway at an excessive rate of speed pro-

jected itself into his path and the collision occurred. Sherrow's theory is that he was traveling on the extreme northerly edge of the road at a speed not exceeding forty miles per hour, that the hill did not present an obstruction, thus excusing his failure to blow his horn, and Bottoms, in attempting to pass Parker, drove into his (Sherrow's) path, and that the accident occurred without any negligence on his part. The fourth theory is that presented by Conder and the Administrator of Watts. This theory embraces all of the elements of negligence attributed to Parker, Sherrow, and Bottoms by each other; viz., that Bottoms, immediately before the accident, attempted to pass the Parker car at a time when the hill obstructed his view to the east, Parker suddenly slowed, then stopped, without giving a signal, thus making it impossible for Bottoms to fall behind Parker when he suddenly saw Sherrow's car approaching the brink of the hill in the center of the highway, traveling approximately seventy-five miles per hour, and the accident occurred as a result of the concurring negligence of all three.

There being no cross-appeal, we are concerned only with the complaint in respect to the instructions and whether the evidence relied on to establish negligence on the part of Sherrow was sufficient to support the judgment.

The argument in support of Sherrow's contention that the evidence does not support the judgment is based solely on his own showing and disregards the evidence introduced on behalf of the other parties to the action. The evidence for appellees is to the effect that Sherrow was traveling from sixty-five to seventy-five miles per hour; yet Sherrow contends that his speed was not unreasonable, it did not cause the collision, the collision would have occurred regardless of his speed, therefore his speed was not a proximate cause of the accident. If, in our consideration, we were confined to a review of appellant's evidence only, we would have to agree with his conclusion, because he testified that he was traveling at a speed not greater than forty miles per hour; that his car was at the extreme northerly edge of the highway, and that Bottoms guided his car directly in his path. But the evidence introduced by appellees, as we have seen, is in sharp conflict with this

version. In addition to the verbal testimony for appellees, we think the physical facts give weight to their contention. Photographs show that the right front fender and grill of Sherrow's automobile came into collision with the right front fender and grill of Bottoms's car. If Sherrow's version of the location of his car were correct, the collision would have occurred off the paved portion of the highway; and Bottoms's car, at least, would have left the highway completely before coming to a halt; yet all the evidence shows that the cars collided on the paved portion of the highway, and that neither car came to a rest off the berm of the road. Nor does the evidence show, without contradiction, that the alleged sudden emergency was created by the driver of Bottoms's car; but, even if appellant's contention in this respect were to be conceded, it would not preclude recovery on the part of the guests riding in Bottoms's car, who obviously had no control over its operation. For the foregoing reasons, it is apparent that the contention of appellant that he was entitled to a peremptory instruction and the verdict is so flagrantly against the weight of the evidence as to reflect prejudice and favoritism cannot prevail.

Appellant urges reversal for several alleged errors in the instructions. The first is that the conditions prescribed by KRS 189.010(7), KRS 189.390(b), and KRS 189.410 were not shown to exist, hence an instruction requiring appellant to comply therewith was erroneous. The court, in fact, did not instruct under KRS 189.010(7) or KRS 189.390(b), but did instruct in respect to the duties imposed on appellant under the provisions of KRS 189.410. This statute imposes upon one approaching a section of the highway wherein his view is obstructed for a distance of 150′, the duty of sounding a warning of his approach. The evidence presented an issue as to whether the hill in question was so steep as to present an obstruction to the view of drivers of motor vehicles approaching its brink, consequently it was not error for the court to instruct in regard to appellant's duties under the statute, and to require them to determine whether or not appellant had failed to perform these duties. The next complaint is that the court refused to give an offered instruction defining "proximate cause." It is argued that this error was peculiarly prejudicial since there were four actions, two counter-

claims, and two cross-petitions tried together. Although we are of the opinion that in the circumstances it would have been better practice for the court to have given the offered instruction, we believe his failure to do so did not operate to the prejudice of appellant's substantial rights. Whilst the combination of the separate definitions of "proximate" and "cause" is not precisely the same as the legal definition of "proximate cause," the requirement of a specific definition usually depends upon the context. If it is impossible for the jury to determine with certainty the meaning of the phrase, the court should define it, and as we have said, it might be better to define it in any event. But where from the context the meaning of the phrase is apparent, the failure to define it presents no basis for reversal of the judgment. In this case, the instructions were elaborate and specific, and any doubt as to the meaning of the phrase, which otherwise might have arisen in the minds of the jurors, unquestionably was resolved in reading and considering the instructions as a whole. Aside from this, we have endeavored to find without success in this and foreign jurisdictions any case wherein an Appellate Court has reversed a judgment because of the failure of the Trial Court to define the phrase "proximate cause."

Appellant further contends that if the court did not err in overruling his motion for a peremptory instruction it was incumbent on the court to give a separate "converse" instruction "to the effect that if the jury believed Bottoms failed to properly operate his car he had no right to do so." This complaint cannot be entertained because appellant failed to offer an instruction to this effect, and the other instructions covered the point fully. To avert the consequences of his failure to offer such an instruction, appellant makes the assertion that since the court gave his own instructions, which were excepted to by all the parties, it was his duty to give all the law whether requested or not. This is the rule in criminal cases, but it is not applicable to civil cases. The rule in respect to civil cases is that where the court instructs on a particular phase of a case in the absence of an offered instruction, it is his duty only to instruct properly so far as the instruction goes. Collis v. Hoskins, 306 Ky. 391, 208 S. W. 2d 70, 72, and cases therein cited.

The last contention urged for reversal is that the instructions assumed that the collision in question occurred at an obstructed place, and consequently, were erroneous and prejudicial to the point that reversal is necessary. We do not agree with appellant that in instructing the jury the court assumed that the hill mentioned in the evidence offered an obstruction to the view of Bottoms or Sherrow. The instruction complained of imposed upon the driver of the Sherrow car the duty of sounding a warning "when approaching an obstruction that prevented a clear view ahead of the highway for a distance of at least 150'." We must assume that the jury was composed of persons of ordinary intelligence. Upon this assumption, the jury could not have been misled into believing that it was the duty of appellant to sound a warning of his approach if his view was not obstructed in the manner set out in the instructions.

Appellant has pointed to no error which we deem to have been prejudicial to his substantial rights; accordingly, the judgment must be, and hereby is, affirmed.