Mildred STEMLER, Executrix of the Estate of John E. Stemler, Mildred Stemler, Robert F. Badgley, Frederick W. Rogers and Alice W. Rogers, Plaintiffs-Appellants,

v.

Arch BURKE, James Rogers Burke, a Minor, Seventeen Years of Age, and Edward Burke, Defendants-Appellees.

No. 15481.

United States Court of Appeals
Sixth Circuit.

April 21, 1965.

394

Jack Glenn Williams, Cincinnati, Ohio, Lester & Riedinger, Newport, Ky., on brief, for appellants.

William A. Young, Frankfort, Ky., for appellees.

Before WEICK, Chief Judge, MILLER, Circuit Judge, and GRAY, District Judge.

MILLER, Circuit Judge.

This appeal challenges the dismissal of personal injury actions filed by the plaintiffs-appellants against the defendants-appellees for damages incurred in an automobile accident between the car in which four of the plaintiffs were riding and a car operated by the defendant James Burke. The judgment of dismissal was based upon the answer by the jury of an interrogatory submitted to it, which stated that the negligence of the defendant Burke, if found to exist, was not the direct and proximate cause of the accident.

On June 20, 1959, a Chrysler automobile, which was owned and was being operated by the plaintiff Robert F. Badgley was proceeding northeastwardly on U. S. Highway 42 from Louisville, Kentucky, towards Cincinnati, Ohio. The plaintiffs, Mildred Stemler, Frederick W. Rogers, and Mrs. Alice W. Rogers, were guest passengers in the car. John E. Stemler was not in the car, but brought an action as husband of the injured Mildred Stemler. Frederick W. Rogers brought his action as the husband of the injured Alice W. Rogers, who also sued for her own injuries and expenses. All of the plaintiffs were citizens of Ohio.

Following the Chrysler automobile and going in the same direction was a Ford automobile being operated by the defendant James Burke. His brother, Edward Burke, who was in the Armed Services at Fort Knox, Kentucky, was also in the car. He had notified his family that he wanted to come home and James had driven the Ford to Fort Knox to get him. James and Edward were taking turns driving. Edward Burke was made a defendant in the actions on the ground that he claimed equitable ownership of the car. Their father, Arch Burke, was not in the car, but was made a defendant in the actions on the ground that under the laws of Kentucky he was responsible for the driving of his son, James Burke, under the family purpose doctrine and under the general laws of agency.

An Oldsmobile automobile, owned and being operated at the time by William F. Warner of Cleveland, Ohio, was also travelling in the same direction and ahead of the Chrysler automobile, which was being operated by Badgley.

The accident arose in the following way. The Oldsmobile, being operated by Warner, had just topped a slight rise in the road, and after travelling a short distance past the crest, had come to a stop for the purpose of picking up a hitchhiking soldier who was walking along the highway. The Chrysler, being operated by Badgley a short distance behind, came over the same rise. The evidence is in dispute whether the Chrysler automobile ran into the rear of the Oldsmobile or stopped just before striking it. Immediately thereafter, the Ford automobile also came over the rise and, after skidding approximately 46 feet, ran into the rear of the Chrysler car, causing the injuries complained of.

By reason of the view which we take of the case, it is unnecessary to review the evidence in detail. The accident occurred upon a two-lane hard-surfaced arterial highway in broad daylight. There was no oncoming traffic from the opposite direction. The weather was clear and dry. There was testimony that the Ford had followed the Chrysler for several miles, that it was about six lengths (120 to 140 feet) behind, that it was going

about 40 to 50 miles an hour, that this speed had remained pretty well constant, that the driver did not slow down as he approached the crest, that before the collision he saw the red stop lights burning on the back of the Chrysler car, that he said something to his brother about the lights, that the driver put on his brakes and skidded approximately 46 feet before coming into contact with the rear of the Chrysler automobile.

There was also testimony from an eye witness to the accident that the Warner Oldsmobile, the first car in the line of three, slowed down to pick up a soldier walking on the road, that the driver signaled with his left arm that he was slowing down, and gradually did so, and that when the car came to a stop the two wheels on the right side were off on the grass and the two left wheels were on the concrete. This witness also testified that the Chrysler, being the second automobile in the line, was about three or four car lengths behind the Oldsmobile, but did not appear to slow up any and went right on and hit the first car, followed in a second or two by the third car striking the second car.

There was also contradictory evidence that the driver of the Oldsmobile gave no signal that he was slowing down, that when the Oldsmobile came to a stop none of its wheels was off of the concrete and that the Chrysler slowed down when the driver noticed that the Oldsmobile ahead of it was coming to a stop.

The plaintiffs filed separate actions in the District Court against the three defendants, Arch Burke, James Burke, and Edward Burke. They did not include as defendants in any of these actions either Badgley, the driver of the Chrysler, or Warner, the driver of the Oldsmobile, which was first in line. The defendants were citizens of Kentucky. Jurisdiction was based upon diversity of citizenship and the amount involved.

The defendants filed third-party complaints against Badgley and Warner in the four actions brought by the plaintiffs other than Badgley and against Warner alone in the suit of Badgley. These third-party complaints alleged that negligence on the part of the third-party defendants was the proximate cause of the injury and sought judgment over against them for the whole of any amount that might be adjudged against the defendants, or in the alternative, contribution from the third-party defendants. The third-party defendant Badgley filed an answer denying any negligence on his part and cross claimed against the defendants and Warner for indemnity, or, in the alternative, for contribution. Service of summons upon the third-party defendant William F. Warner was had constructively upon the Secretary of State of Kentucky under the Kentucky Statute. Warner, whose last known address was in Ohio, never appeared in the action. The five separate actions were consolidated for trial, at the conclusion of which the Court submitted to the jury several interrogatories dealing with the alleged negligence of the defendants, the alleged contributory negligence of Badgley and the alleged negligence of Badgley as a third-party defendant.

The first interrogatory, dealing with the alleged negligence of the defendants, was the only one answered by the Jury. Its answer to this interrogatory stating that the alleged negligence of the defendant was not the proximate cause of the accident made it unnecessary, in accordance with the Court's instructions, to answer the remaining interrogatories. Judgments of dismissal followed. Each of the plaintiffs in the five actions whose claims were dismissed took the appeals which we now have under consideration.

Appellants first contend that it was error on the part of the District Judge to permit the third-party procedure, in that there was no federal jurisdiction between the plaintiffs, who were citizens of Ohio, and the third-party defendant Warner, who was also a citizen of Ohio. However, the plaintiffs sought no relief against Warner and did not make him a party to their action. Jurisdiction existed between the plaintiffs and the defendants by reason of diversity of citizenship, and it was not necessary that

independent grounds of jurisdiction exist between the plaintiffs and the third-party defendants, against whom no relief was sought by the plaintiffs, or between the cross-plaintiffs and the cross-defendants. Huggins v. Graves, 337 F.2d 486, 489, C.A.6th; Moore's Federal Practice, Volume 3, Section 14.26, page 701.

■■ Appellants contend that it was an abuse of discretion on the part of the District Judge in consolidating for trial the five actions, involving the issues of negligence on the part of the defendants and contributory negligence on the part of Badgley and also the issues of negligence on the part of the cross-defendants, Badgley and Warner, and the questions of indemnity or contribution based thereon. The claim is that this resulted in such a multiplicity of parties, claims and issues as to confuse the jury and to prevent it from giving to the claims of the plaintiffs the careful consideration they would have received if the separate claims, together with the third-party procedure involved, had not been consolidated. Mays v. Liberty Mutual Insurance Co., 35 F.R.D. 234, E.D.Pa. See: United States v. Knauer, 149 F.2d 519, 520, C.A.7th, affirmed, 328 U.S. 654, 66 S.Ct. 1304, 90 L.Ed. 1500, rehearing denied, 329 U.S. 818, 67 S.Ct. 25, 91 L.Ed. 697, petition denied, 332 U.S. 834, 68 S. Ct. 210, 92 L.Ed. 407.

There might be merit to this contention if the jury had been asked to return a general verdict. We think, however, that the use of the carefully prepared interrogatories dealing separately with the different phases of the cases met this objection. Whether cases involving the same factual and legal questions should be consolidated for trial is a matter within the discretion of the trial judge. Rule 42(a), Rules of Civil Procedure; Rankin v. Shayne Brothers, Inc., 98 U.S.App.D.C. 214, 234 F.2d 35, 39–40; Williams v. National Surety Corporation, 257 F.2d 771, 776, C.A.5th. We find no abuse of discretion on the part of the District Judge in consolidating these cases for trial.

In submitting the first interrogatory to the jury the District Judge, after explaining what would constitute negligence on the part of the driver of the Ford, asked the jury to answer "yes" or "no" to the question, "Do you find from the evidence that at the time and place of the accident referred to in the testimony the defendant James Roger Burke was negligent in the operation of the automobile, in which he and the defendant Edward Burke were riding, * * * and further find from the evidence that such negligence on the part of the defendant James Roger Burke in one or more of the respects above mentioned was the direct and proximate cause of the accident referred to in the testimony, which resulted in any of the injuries complained of by the plaintiffs Mildred Stemler, Robert F. Badgley, Frederick W. Rogers and Alice W. Rogers?" The jury answered this interrogatory, "No."

Appellants contend that it was error on the part of the District Judge to ask the jury if the negligence on the part of the defendant James Burke, if found to exist, was *"the* direct and proximate cause of the accident" instead of asking if it was *"a* direct and proximate cause of the accident" and thereafter entering a judgment of dismissal based on the jury's answer. Specifically, it is claimed that under the circumstances of these cases, the words "the" and "a" do not have the same meaning, and that even though the negligence of the defendant James Burke was not *the* direct and proximate cause of the accident, the defendants could nevertheless be liable if such negligence was *a* direct and proximate cause of the accident.

■ In an automobile accident where only the plaintiff's car and the defendant's car are involved, there is usually no error on the part of the trial judge in instructing the jury to determine if the defendant's negligence was *"the* proximate cause of the accident," instead of using the words *"a* proximate cause of the accident." In such accidents there is no legal distinction between the two phrases, since there is no issue involved

of a concurring proximate cause on the part of a third party. But where the issue of a concurrent proximate cause on the part of a third party is involved, as in the present cases, there may be a material legal distinction between the words "the proximate cause" and "a proximate cause," due to the fact that there may be more than one proximate cause for the same injury, with the result that each person whose negligent act was *a* proximate cause of the injury may be liable for the injury. Bybee v. Shanks, 253 S.W.2d 257, 259–260 (Ky.); Turpin v. Scrivner, 297 Ky. 365, 375, 178 S.W.2d 971. The fact that some other cause cooperates with the negligence of the defendant to cause the injury does not relieve the defendant from liability. Alva West & Co. v. Corwin, 273 Ky. 557, 560, 117 S.W.2d 192. In the present case the plaintiffs were entitled to recover from the defendants if the negligence of James Burke was a proximate cause of the accident, even though it was not the sole proximate cause.

We believe that the words "the proximate cause" as used in the instructions were reasonably susceptible on the part of the jury of the meaning of the sole proximate cause, while the words "a proximate cause" would have negatived that meaning and recognized the legal principle that there may be more than one proximate cause and that liability may be imposed on more than one person. If the context of the case requires that this distinction be made clear to the jury, the trial judge should do so in his instructions. Sherrow v. Watts' Adm'r, 312 Ky. 262, 267, 226 S.W.2d 929. We do not construe the answer of the jury to the question submitted to it as a finding that the negligence of the defendant James Burke was not *a* direct and proximate cause of the accident. Accordingly, there was no factual finding upon which the judgments of dismissal could be legally based.

We do not hold that it was error on the part of the District Judge to submit to the jury Interrogatory No. 1 as it was worded by him. But we do hold that it did not go far enough in order to provide a legal basis for the orders of dismissal. Either the interrogatory should have asked if the alleged negligence of the defendant James Burke was "a" proximate cause of the accident, or an additional interrogatory should have been addressed to the jury asking it to find whether the negligence of said defendant was "a" proximate cause of the accident, even though it was not "the" proximate cause of the accident. This point was raised in the District Court for the purposes of this review in the objections of the plaintiffs to the entry of the proposed judgments and in their motions for a new trial.

We find no merit in the contention of the appellees that the judgment entered was a valid one in that the evidence was insufficient as a matter of law to support a finding of liability on the part of the defendant James Burke. Ellis v. McCubbins, 312 Ky. 837, 840–841, 229 S.W.2d 992. Our review of the evidence leads us to the conclusion that the evidence was sufficient to take to the jury the issues of negligence and proximate cause, not only on the part of the defendant James Burke, but also on the part of the cross-defendants Warner and Badgley.

The judgments are reversed and the cases are remanded to the District Court for a new trial.