**KENROSE MFG. CO., INC., a New York Corporation, et al., Appellants.**

v.

**FRED WHITAKER COMPANY, INC.,**

v.

**KILODYNE, INC., Appellees.**

No. 72–1007.

United States Court of Appeals, Fourth Circuit.

Argued May 31, 1972.

Decided Aug. 7, 1972.

---

Ralph Masinter, Roanoke, Va. (Masinter & Masinter, Roanoke, Va., on brief), for appellants.

William B. Poff, Roanoke, Va. (Woods, Rogers, Muse, Walker & Thornton and B. K. Cruey, and Bates, Cruey & Lee, Roanoke, Va., on brief), for appellee, Kilodyne, Inc.

S. D. Roberts Moore, Roanoke, Va. (Gentry, Locke, Rakes & Moore, and Raymond R. Robrecht, Roanoke, Va., on brief), for appellee, Fred Whitaker Company, Inc.

Before SOBELOFF, Senior Circuit Judge, and WINTER and CRAVEN, Circuit Judges.

SOBELOFF, Senior Circuit Judge:

Our task here is to determine whether independent subject-matter jurisdiction

is necessary for a plaintiff in a federal court to maintain a claim directly against a third-party defendant. Notwithstanding the acknowledged relaxation of jurisdictional requirements in federal third-party practice, we agree with the District Judge that the course of action proposed by plaintiff would exceed the limits of the court's power. We therefore affirm the District Court's order dismissing the amended complaint against the third-party defendant for lack of subject-matter jurisdiction.

I

The factual setting in which this issue arises is as follows. In August of 1970, Kenrose Manufacturing Company, a New York corporation regularly doing business in Virginia, joined by 60 of its employees, all Virginia residents, instituted an action for injunctive and monetary relief against Fred Whitaker Company, Inc., a Pennsylvania corporation. Plaintiffs sought an injunction to halt the discharge of certain gaseous effluents by Whitaker's nearby synthetic fabric and dye plant and, in addition, claimed compensation for damages allegedly sustained by them through prior discharges of the gas.

After Whitaker served its answer, it moved for and was granted permission to file a third-party complaint against Kilodyne, Inc., a Virginia corporation operating its industrial plant in close proximity to Kenrose's dressmaking plant.

In its third-party complaint against Kilodyne, Whitaker alleged, in the language of F.R.Civ.P. 14, that, should Kenrose recover judgment against Whitaker, Kilodyne "is or may be liable for all or part of" the plaintiff's claim against defendant Whitaker.

Seven days later, Kenrose amended the complaint to expand its original cause of action for nuisance to include a direct claim against the third-party defendant Kilodyne for injunctive and monetary relief. Kilodyne thereupon moved to dismiss the amended complaint as to it on the ground that diversity between it and the plaintiff Kenrose was absent. The court took the motion under advisement. In the meantime, third-party plaintiff Whitaker, after further investigation, moved for a voluntary dismissal, without prejudice, of its own third-party action against Kilodyne.[1] Kilodyne supported this motion.

After a court-appointed master had taken evidence, the District Judge granted Whitaker's motion to dismiss its third-party action without prejudice as well as Kilodyne's motion to dismiss Kenrose's amended complaint.

The trial court certified that its rulings on the above motions involved "a controlling question of law as to which there is a substantial ground for a difference of opinion." This court, agreeing that an immediate appeal would advance "the ultimate termination of the litigation," granted Kenrose permission

---

1. According to Whitaker, the voluntary dismissal was sought because, after pre-trial discovery was completed, it became apparent that Whitaker had no valid indemnification claim against Kilodyne under Virginia law. This lack was fatal to the third-party action because a possibility of indemnification is the only basis upon which a third party may be impleaded under Rule 14. McPherson v. Hoffman, 275 F.2d 466 (6 Cir. 1960); Nat'l Mut. Life Ins. Co. of D.C. v. Liberty Mut. Life Ins. Co., 90 U.S.App.D.C. 362, 196 F.2d 597, cert. denied, 344 U.S. 819, 73 S.Ct. 15, 97 L.Ed. 638 (1952). Although federal law provides the procedures to be used in an impleader action, it is necessary to look to state law, in a diversity case such as this, for the requisite right of indemnification. General Dynamics Corp. v. Adams, 340 F.2d 271 (5 Cir. 1965); Brooks v. Brown, 307 F.Supp. 907 (E.D.Va.1969).

Virginia law plainly denies the defendant in a nuisance action any right to indemnification from another party unless the third party and the defendant were acting in concert when the nuisance was created. See Finley v. Waddell, 207 Va. 602, 151 S.E.2d 347 (1966). After the testimony of various experts was available, it became evident that Whitaker and Kilodyne did not act in concert to produce the pollution damage complained of by Kenrose. Thus, Virginia law would recognize no indemnification right as between Whitaker and Kilodyne and the third-party action was inappropriate.

Realizing that, for this reason, its third-party action was defective, Whitaker moved for a dismissal.

to bring this interlocutory appeal, pursuant to 28 U.S.C. § 1292(b).

## II

Kilodyne based its motion to dismiss Kenrose's amended complaint as to it on the undisputed fact that all the individual plaintiffs in the action, as well as Kilodyne itself, are Virginia citizens. As no other basis for jurisdiction appears to exist if there is no diversity of citizenship, Kilodyne argues that there is no subject-matter jurisdiction for Kenrose's action against it. Kenrose replies that a proper view of the law includes no requirement of diversity as between a plaintiff and a third-party defendant where plaintiff asserts an affirmative claim against the third-party defendant. Kenrose submits that Kilodyne's presence in the case rests on jurisdiction ancillary to the main action between Kenrose and Whitaker. The next step in Kenrose's argument is that, since the third-party defendant was already validly in the case when the amended complaint was served, no independent basis of jurisdiction is needed to support plaintiff's subsequent direct action against Kilodyne. We proceed to test these assertions against the background of available precedent.

Rule 14 of the Federal Rules of Civil Procedure governs third-party practice and it has indeed been held under that rule that, where there is diversity as between plaintiff and defendant, defendant may implead a third party of the same citizenship as the plaintiff.[2] In such case, it may be said that ancillary jurisdiction confers power upon the court over the third-party action.

Rule 14 also contains language permitting a plaintiff to

assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff.

There is, however, no indication in the rule whether a basis of jurisdiction independent of the main action must be alleged to support plaintiff's claim against the third-party defendant. Where jurisdiction does not otherwise appear, mere permission, in the rules, to assert a claim, does not itself confer jurisdiction over that claim. By express provision the rules are not to be read as a source of jurisdiction. See Rule 82.[3] To illuminate this point, we must necessarily look elsewhere.

Many courts have considered whether an independent basis of jurisdiction is necessary to support a plaintiff's action against a third-party defendant. With impressive consistency the overwhelming majority has held an independent jurisdictional basis to be a prerequisite to the maintenance of such a claim.[4] See, e. g., Stemler v. Burke, 344 F.2d 393, 395–396 (6 Cir. 1965); McPherson v. Hoffman, 275 F.2d 466, 470 (6 Cir. 1960); Patton v. B & O R.R. Co., 197 F.2d 732, 743 (3 Cir. 1952); United States v. Lushbough, 200 F.2d 717, 721–722 (8 Cir. 1952); Friend v. Middle Atlantic Transportation Co., 153 F.2d 778, 779–780 (2 Cir.), cert. denied, 328 U.S. 865, 66 S.Ct. 1370, 90 L.Ed.2d 1635 (1946); Corbi v. United States, 298 F.Supp. 521 (D.C.Pa.1969); Palumbo v. W. Md. Ry. Co., 271 F.Supp. 361 (D.C.Md.1967).

Several supporting reasons have been advanced by courts holding the majority view on this question. Among them are that: (1) plaintiff should not be allowed, by an indirect route, to sue a co-citizen under diversity jurisdiction when he is not permitted to sue that party directly;[5] (2) the majority rule prevents collusion

---

2. Agraskell, Inc. v. Bernard Sirotta Co., 344 F.2d 583, 586 (2 Cir. 1965); Stemmler v. Burke, 344 F.2d 393 (6 Cir. 1965). See also 3 J. Moore, Federal Practice ¶ 14.26 at 701–702 (1968).

3. These rules shall not be construed to extend or limit the jurisdiction of the United States district court * * *.

 Rule 82, Federal Rules of Civil Procedure.

4. The notes of the Advisory Committee to the 1946 Amendments to the Rules of Civil Procedure also indicate the necessity of such an independent basis of jurisdiction.

5. McPherson v. Hoffman, 275 F.2d 466 (6 Cir. 1960).

between plaintiff and defendant to obtain federal jurisdiction over a party who would otherwise not be within the court's reach;[6] (3) the rule which generally does not require diversity as between plaintiff and third-party defendant proceeds on the assumption that the plaintiff is seeking no relief against the third-party defendant;[7] and (4) federal dockets are so overcrowded that the federal courts should not reach out for state law based litigation.[8]

Appellant Kenrose presses upon us the minority view and would have us recognize what it terms "a definite trend toward" allowing a plaintiff to assert claims directly against a third-party defendant without showing an independent ground of jurisdiction. Kenrose argues that such an approach would give currency to the philosophy of the law seeking, in the interest of efficiency, to avoid multiplicity of suits and piecemeal litigation.

The value of efficiency in the disposition of lawsuits by avoiding multiplicity may be readily conceded, but that is not the only consideration a federal court should take into account in assessing the presence or absence of jurisdiction. Especially is this true where, as here, the efficiency plaintiff seeks so avidly is available without question in the state courts. The majority view, as outlined above, has its own valid supporting reasons and we fail to discern any movement away from the well-established rule, which is directly contrary to appellant's contention.

It is true that four lower court cases have favored appellant's view.[9] However, not only are these in the minority among the decided cases, but they have been far from convincing to other judges in the very jurisdictions where they were rendered.[10] Other authorities relied upon by appellant are found to be unrelated to the point at issue,[11] or are readily distinguishable.[12]

\* \* \* \* \* \*

[W]hile convenience and saving of time can be accomplished by having all claims redressed in one suit, the result can be obtained as a matter of right in the state courts. In view of our crowded docket I see no reason to enlarge the business of this court to invite additional state claim litigation. 300 F.Supp. at 473–474.

**6.** Heintz & Co. v. Provident Tradesman Bank & Trust Co., 30 F.R.D. 171 (E.D.Pa.1962).

**7.** Stemmler v. Burke, 344 F.2d 393 (6 Cir. 1965); Peter Pan Fabrics, Inc. v. Kay Windsor Frocks, Inc., 187 F.Supp. 763 (S.D.N.Y. 1959).

**8.** Ayoub v. Helm's Express, Inc., 300 F.Supp. 473 (W.D.Pa.1969).

**9.** Buresch v. American LaFrance, 290 F.Supp. 265 (W.D.Pa.1968); Olson v. United States, 38 F.R.D. 489 (D.C.Neb.1965); Myer v. Lyford, 2 F.R.D. 507 (M.D.Pa.1942); and Sklar v. Hays, 1 F.R.D. 594 (E.D.Pa.1941).

**10.** For example, subsequent to the *Buresch* case, cited in note 9, two decisions issuing from the same court specifically rejected *Buresch. See* Schwab v. Erie Lackawanna R.R., 303 F.Supp. 1398 (W.D.Pa.1969), and Ayoub v. Helm's Express, Inc., 300 F.Supp. 473 (W.D.Pa.1969). In *Ayoub,* the court said:

There is no diversity of citizenship between the plaintiff and the present third-party defendant against whom plaintiff wishes to assert a direct claim. The great weight of authority requires that there be diversity of citizenship between such parties. Although such a claim was allowed to be asserted in *Buresch* \* \* \* I do not believe that this opinion represents the view of a majority of the members of this District Court or the view of the majority of the federal courts.

**11.** Appellant relies upon Agraskell, Inc. v. Bernard Sirotta Co., 344 F.2d 583 (2 Cir. 1965); Dery v. Wyer, 265 F.2d 804 (2 Cir. 1959); and Thompson v. United Artists Theatre Circuit, Inc., 43 F.R.D. 197 (S.D.N.Y.1967) for support of his position. This reliance is misplaced, as each of these cases stands for no more than the conceded proposition that a third-party suit is ancillary to the main action between plaintiff and defendant and, as such, needs no independent juridisctional ground. But in none of these cases did the plaintiff attempt to assert a claim directly against the third-party defendant.

**12.** Revere Copper & Brass, Inc. v. Aetna Casualty & Surety Co., 426 F.2d 709 (5 Cir. 1970) and Union Bank and Trust Co. v. St. Paul Fire & Marine Ins. Co., 38 F.R.D. 486 (D.C. Neb.1965), also cited by appellant, deal with a situation different from that before us. In each the court considered the necessity of an independent ground of federal jurisdiction to support a third-party defendant's claim *against the plaintiff,* holding no such independent ground was required. That these de-

■ If this were the sum of the matter, we would feel entirely justified in affirming the District Court simply on the authority of the uniform precedents mentioned above. But, on the specific facts of this case, there is an even stronger reason for applying the majority rule.

Kenrose's only colorable claim to jurisdiction for its action against Kilodyne was that the action came within the ancillary jurisdiction emanating from the suit between Whitaker and Kilodyne—the third-party action.[13] Once the District Court, upon third-party plaintiff Whitaker's motion and with Kilodyne's consent, dismissed the third-party complaint, any basis for the exercise of ancillary jurisdiction completely evaporated. Kilodyne thereupon lost its status as a third-party defendant and became no more than a co-defendant of Whitaker. Under these circumstances, it is plain that diversity would be required as between Kilodyne and Kenrose. Strawbridge v. Curtiss, 7 U.S. 266, 2 L.Ed. 435 (1806).

■ To avert this inevitable result, plaintiff contends that the District Court abused its discretion in granting Whitaker's motion to dismiss because dismissal prejudiced Kenrose by depriving it of a jurisdictional basis for its claim against

Kilodyne. We are not impressed by this logic. Under Rule 41(a),[14] prior to the service of an answer to the third-party complaint, Whitaker would have been entitled as of right to a voluntary dismissal of his third-party complaint against Kilodyne. Since Whitaker did not make its request for dismissal until after Kilodyne had answered, it was for the District Court to decide whether dismissal of the third-party action would prejudice any party. American Cyanamid Co. v. McGhee, 317 F.2d 295, 298 (5 Cir. 1963); Southern Ry. v. Chapman, 235 F.2d 43 (4 Cir. 1956). If no prejudice appeared, dismissal was in order.

■ Demonstrably, no prejudice resulted to any party from the order of dismissal. As heretofore noted, the firmly established rule would require Kenrose to show an independent jurisdictional basis for its claim against Kilodyne even if Kilodyne remained in the case as a third-party defendant. Thus, the dismissal order did not disadvantage Kenrose, for, as we have seen, its jurisdictional position was the same whether Kilodyne was in the case as an initial co-defendant or as a third-party defendant. Under the standards of Federal Rule 41, therefore, the District Court acted well within the range of its discretion in dismissing the third-party action despite Kenrose's opposition.

cisions should be limited to their own facts is indicated by the court's discussion of the point in *Revere Copper*:

> [Appellant] argues that since there must be an independent ground of jurisdiction to support the original plaintiff's claim against a third-party defendant, the same requirement must be met by the third-party defendant in asserting a counterclaim against the original plaintiff. Suffice it to say that the two situations are the converse of each other only superficially and that there are differences which militate against identical treatment. First of all, the plaintiff has the option of selecting the forum where he believes he can most effectively assert his claims, he has not been involuntarily brought to a forum, faced with the prospect of defending himself as best he can under the rules that forum provides, or defending himself not at all. Since a plaintiff could not initially join a non-diverse defendant, it is arguable he should not be allowed to do so indirectly by way of a fortuitous im-

> pleader. Moreover, there is the possibility, whether real or fanciful, of collusion between the plaintiff and an overly cooperative defendant impleading just the right third party. * * * Consequently, this decision is to be strictly limited to the precise question decided. 426 F.2d at 716 (footnote omitted).

**13.** In its brief on appeal, Kenrose argued that any objection Kilodyne might have had to the subject-matter jurisdiction of the court was waived when Kilodyne answered the amended complaint against it without raising the point. It is now plain, beyond the necessity for citation of authority, that lack of subject-matter jurisdiction can *never* be waived and may be raised by any party at any stage of the litigation.

**14.** Rule 41, governing the voluntary dismissal of actions, applies in terms to third-party claims also. Rule 41(c).

To summarize: the District Court acted with complete propriety, committing no abuse of discretion in granting Whitaker's motion for a voluntary dismissal of its third-party cause of action. This being so, there remained not even an arguable jurisdictional footing for Kenrose's amended complaint against the third-party defendant, Kilodyne. The District Court, as a result, correctly granted Kilodyne's motion to dismiss Kenrose's amended complaint for lack of subject-matter jurisdiction.

Affirmed.