772 F.2d 907
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WILLIE J. KINLEY, PLAINTIFF-APPELLANT,
v.
WARDEN HERMAN C. DAVIS, DEFENDANT-APPELLEE.
 NO. 84-5454
 United States Court of Appeals, Sixth Circuit.
 8/27/85
 
 W.D.Tenn.
 AFFIRMED
 ORDER
 BEFORE: MERRITT and CONTIE, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 
 
 1
 This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and the briefs filed by the respective parties, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The appellants in these civil rights cases, filed pursuant to 42 U.S.C. Sec. 1983, appeal from summary judgments dismissing their cases. Their actions stem from a work stoppage at Ft. Pillow Prison in Tennessee. As a result of the work stoppage, the appellee warden forced the appellants and several hundred other inmates to stay in a sector of the prison yard for three days. The appellants' claims in the district court were basically identical. They claimed their rights to due process were violated because they were not part of the work stoppage and were unjustly forced to stay in the confined area. Further, they contend their confinement in this manner amounted to cruel and unusual punishment. Finally, they contend the appellee's deputies were not justified in shooting and wounding four inmates who tried to leave the confined area. The district court consolidated the cases with other similar actions and granted the summary judgment in favor of the appellee on the basis that the appellants set forth a non-cognizable claim under Sec. 1983.
 
 
 3
 On appeal, the appellants have submitted identical briefs. They argue that consolidation of the case without appointing counsel was an abuse of discretion. Further, they contend it was improper to enter a summary judgment.
 
 
 4
 The appellants were inmates at Ft. Pillow State Prison on July 11, 1983, when a work stoppage occurred. Apparently, inmates were led off to do agricultural labor in groups called 'long lines.' On the day in question, the first long line did not respond to a call for work. Thereafter, members of the rest of the long lines, eight in all, assembled in the courtyard and refused to report to their jobs. The number of inmates totaled around 250 to 300. The incident started at approximately 7:20 a.m. During the course of the day, attempted negotiations with inmate representatives failed, and the situation started to become more volatile. The inmates were burning jumpsuits and obtaining wood and pipes for weapons. Reinforcements were called by the warden. Around 5:00 p.m. on July 11, 1983, the inmates were forced into the west sector of the prison courtyard and kept there by armed guards while razor wire was strung to confine the inmates in that section of the yard. Food, medical assitance and containers for toilets were supplied by the warden. The work stoppage ended on July 14, when the inmates' request to return to work was granted.
 
 
 5
 The question of whether a case should be consolidated is within the discretion of the trial judge. Stemler v. Burke, 344 F.2d 393 (6th Cir. 1965). These cases arose out of the same factual background and concern the same questions of law. The district court did not abuse its discretion. See Rule 42, Federal Rules of Civil Procedure.
 
 
 6
 Furthermore, it is clear the appellants' due process arguments and their cruel and unusual punishment contentions are without merit. Prison officials are given wideranging deference in the execution of policies needed to preserve internal order and maintain security. Bell v. Wolfish, 411 U.S. 520, 547 (1979). In a prison emergency, an inmate's freedoms and privileges may be suspended; whether such suspension violates the constitutional rights of the prisoner depends on the severity and length of time they are in effect. Hoptowit v. Ray, 682 F.2d 1237, 1259 (9th Cir. 1982); Collins v. Ward, 544 F.Supp. 408, 412 (S.D. N.Y. 1982). In light of the circumstances of this case and the deference accorded the appellee, there was no constitutional deprivation in this action. See Soto v. Dickey, 744 F.2d 1260, 1267-70 (7th Cir. 1984).
 
 
 7
 There was an explosive situation at the prison, and it appears the appellee was not vindictive in the way the work stoppage was handled. The warden tried to resolve the conflict throughout the day but was unsuccessful. The inmates were placed in an area where damage to property and harm to the prison authorities could be prevented. The affidavit submitted by the appellee along with the motion for summary judgment indicates the measures taken were justified. Once a motion for summary judgment is made, the responding party cannot rest on the allegations in the pleading but must respond by submitting other evidence or affidavits which show there is a genuine issue of fact. Granger v. Marek, 583 F.2d 781 (6th Cir. 1978). In their responses to the motion for summary judgment, the appellants did not set forth specific facts contradicting the appellee's affidavit or raising an issue of fact. They reiterated the allegations of their complaints. Mere conclusory allegations are not enough to resist a motion for summary judgment; specific facts must be set forth showing that there is a genuine issue for trial. Security Nat. Bank v. Belleville Livestock Commission Co., 619 F.2d 840 (10th Cir. 1980); Burst v. Adolph Coors Co., 650 F.2d 930 (8th Cir. 1981). Consequently, the district court properly entered the summary judgment. The warden acted reasonably in the face of an emergency situation.
 
 
 8
 The appellants have also alleged that excessive force was used upon the four inmates who were wounded when trying to leave the fenced area. In a Sec. 1983 action, a party must allege and prove a distinct and palpable injury. Joimes, et al. v. Toledo Metropolitan Housing Authority, 758 F.2d 1086 (6th Cir. 1985). The appellants were not wounded in the incident and thus cannot allege standing on the basis of physical injury. Kinley alleged in his complaint that he suffered mental anguish due to the shooting. Excessive force could give rise to a claim for emotional harm under Sec. 1983. Rhodes v. Robinson, 612 F.2d 766, 771 (3rd Cir. 1979). Kinley, however, made no allegation concerning the culpable intent required to state that type of claim; thus, he failed to state a claim under the constitution. Rhodes, id. at 772-773. Gibson has failed to allege an injury that would give him standing, and Kinley has simply failed to state a claim.
 
 
 9
 Accordingly, it is ORDERED that the district court judgment is affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.