772 F.2d 907
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CHARLES E. HOLLIDAY, PLAINTIFF-APPELLANT,
v.
HERMAN C. DAVIS, WARDEN, DEFENDANT-APPELLEE.
 NO. 84-5509
 United States Court of Appeals, Sixth Circuit.
 8/29/85
 
 W.D.Tenn.
 AFFIRMED
 ORDER
 BEFORE: LIVELY, Chief Judge; MERRITT, Circuit Judge; and CELEBREZZE, Senior Circuit Judge.
 
 
 1
 This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and the briefs filed by the respective parties, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Holliday and Salaam are appealing the summary judgment dismissing their 42 U.S.C. Sec. 1983 claim. They contend that the appellee's response to a work stoppage at Ft. Pillow Tennessee State Prison violated their constitutional rights. The incidents at issue occurred on July 11, 1983, and began at approximately 7:20 a.m., when the inmates at the prison refused to assemble for work duty. Despite efforts of the appellee to resolve the crisis with inmate representatives, the inmates refused to work and remained in the prison courtyard nearly all day. Around 5:00 p.m., the warden ordered all the inmates to the west sector of the courtyard. Razor wire was strung and armed guards were positioned to keep the inmates in that portion of the prison. The work stoppage lasted three days. The appellee provided food, water, and medical care to the inmates. Also, containers were given to the inmates for toilets. During the period, four inmates were shot and wounded as they tried to leave the fenced area. Neither appellants were wounded.
 
 
 3
 Both appellants essentially made the same specific arguments in the district court. They argue that their rights to due process were violated because they were not part of the work stoppage but were unjustifiably forced to stay in the prison yard. Additionally, the appellants argue that exposure to the elements and the unsanitary conditions while in the prison yard constituted cruel and unusual punishment. Finally, they argue the wounding of the four inmates was unjustified. The district court consolidated these actions with other similar actions and granted the appellee's motion for summary judgment on the basis that the appellants had set forth a noncognizable claim under Sec. 1983. He found that given the emergency situation, the appellee handled the inmates in a reasonable manner. On appeal, the appellants argue that the district court erroneously entered the summary judgment and that the district court erred in consolidating the actions. They have filed identical briefs on appeal.
 
 
 4
 The question of whether a case should be consolidated is within the discretion of the trial judge. Stemler v. Burke, 344 F.2d 393 (6th Cir. 1965). These cases arose out of the same factual background and concern the same questions of law. The district court did not abuse its discretion in consolidating the actions. See Rule 42, Federal Rules of Civil Procedure.
 
 
 5
 Further, the district court correctly entered the summary judgment. Once a motion for summary judgment is made, the responding party cannot rest on the allegations in the pleadings but must respond by submitting other evidence or affidavits which show there is a genuine issue of fact. Granger v. Marek, 583 F.2d 781 (6th Cir. 1978). Conclusory allegations are not sufficient to resist a summary judgment motion. Security Nat. Bank v. Belleville Livestock Commission Co., 619 F.2d 840 (10th Cir. 1980); Burst v. Adolph Coors Co., 650 F.2d 930 (8th Cir. 1981). Salaam apparently did not file a reply to the appellee's motion for summary judgment. Instead he filed a motion for a fast and speedy trial. Holliday filed a response, but he reiterated the conclusory allegations of his complaint. Prison officials are given wide-ranging deference in the execution of policies needed to preserve internal order and maintain security. Bell v. Wolfish, 441 U.S. 520, 547 (1979). In a prison emergency, restrictions on inmates' freedoms and privileges may be suspended; whether such suspension violates the constitutional rights of the prisoner depends on the severity and length they are in effect. Hoptowit v. Ray, 682 F.2d 1237, 1259 (9th Cir. 1982); Collins v. Ward, 544 F.Supp. 408, 412 (S.D. N.Y. 1982); See Soto v. Dickey, 744 F.2d 1260, 1267-70 (7th Cir. 1984). Under the emergency situation at the prison, the appellee acted reasonably to assure the security of the prison.
 
 
 6
 The appellants have also alleged that excessive force was used upon the four inmates who were wounded when trying to leave the fenced area. In a Sec. 1983 action, a party must allege and prove a distinct and palpable injury. Joimes, et al. v. Toledo Metropolitan Housing Authority, 758 F.2d 1086 (6th Cir. 1985). The appellants were not wounded in the incident and thus cannot allege standing on the basis of physical injury. Salaam alleged in his complaint that he suffered mental anguish due to the shooting. Excessive force could give rise to a claim for emotional harm under Sec. 1983. Rhodes v. Robinson, 612 F.2d 766, 771 (3rd Cir. 1979). Salaam, however, made no allegation concerning the culpable intent required to state that type of claim; thus, he failed to state a claim under the constitution. Rhodes, id. at 772-773. Neither appellant has set forth a claim cognizable under Sec. 1983 in this respect.
 
 
 7
 Accordingly, it is ORDERED the district court judgment be affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.