**BROWN & CALDWELL, etc., Plaintiff,**

v.

**INSTITUTE FOR ENERGY FUNDING, LTD., et al., Defendants.**

**No. CV 84–5871 AWT.**

United States District Court, C.D. California.

Sept. 5, 1985.

H. James Wulfsberg, Jeffrey A. Sykes, Marna E. Mignone and Randall L. Kiser, Lempres & Wulfsberg, Oakland, Cal., for plaintiff, counter-defendant and third party plaintiff Brown & Caldwell.

Richard C. Greenberg, David A. Gauntlett, Burkley, Moore, Greenberg & Lyman, Torrance, Cal., for third party defendant Grefco, Inc.

## MEMORANDUM OPINION AND ORDER

TASHIMA, District Judge.

This is a diversity action for breach of contract and quantum meruit in which counterclaims have been filed against plaintiff Brown & Caldwell, alleging breach of contract and negligence in connection with the performance of energy audit services at various facilities. Subsequently, Brown & Caldwell, as third-party plaintiff, filed a third-party complaint against three parties, including the movant Grefco, Inc. ("Grefco"), under F.R.Civ.P. 14. Claim One of the third-party complaint alleges that if Brown & Caldwell is liable to counterclaimants, then Grefco would be obligated to indemnify Brown & Caldwell. Claim Two alleges a similar claim against Grefco for partial indemnity. Grefco has moved to dismiss the third-party complaint for lack of subject matter jurisdiction, *i.e.*, lack of diversity of citizenship between it and Brown & Caldwell. It is uncontroverted that both Brown & Caldwell and Grefco are citizens of California under 28 U.S.C. § 1332(c); therefore, that no diversity of citizenship exists between them.

Two issues are raised by this motion. First, whether Brown & Caldwell's third-party complaint in the circumstances here is within the Court's ancillary jurisdiction under Ninth Circuit precedent. Second, assuming the Court otherwise would have ancillary jurisdiction, whether, as Grefco contends, *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978), precludes Brown & Caldwell, as the original plaintiff, from filing a third-party complaint against a nondiverse third-party defendant. Since, as discussed below, the Ninth Circuit has consistently upheld ancillary jurisdiction under circumstances comparable to those here and since *Owen Equip.* is factually distinguishable from the case at bench, I conclude that Grefco's motion should be denied.

█ Brown & Caldwell's indemnity claims are ancillary to the original action. The Ninth Circuit has held consistently that a federal court may properly take jurisdiction over a party against whom a third-party claim for indemnity or contribution is asserted. *See Burke v. Ernest W. Hahn, Inc.*, 592 F.2d 542 (9th Cir.1979) (jurisdiction proper over third-party complaint for indemnity ancillary to main action); *Glens Falls Indem. Co. v. United States*, 229 F.2d 370, 374 (9th Cir.1955) (where indemnity claim is ancillary to underlying action, no independent basis of jurisdiction need be asserted). However, in *Safeco Ins. Co. v. Guyton*, 692 F.2d 551, 555 (9th Cir.1982), the court expressed hostility towards the joinder of parties where there is no independent jurisdictional basis: "We have repeatedly held that parties may not be added to an action absent an independent jurisdictional base for inclusion and that pendent party jurisdiction will not substitute for complete diversity or a federal question." (Footnote omitted.)

After a close reading of *Safeco*, I conclude that it does not constitute a bar to ancillary jurisdiction here. As an initial matter, the court in *Safeco* was not faced with an ancillary claim and did not discuss ancillary jurisdiction in its analysis. In fact, although reference is made in the text to a "third party complaint," it is clear that the third-party defendant there was an additional defendant joined in a counterclaim under F.R.Civ.P. 13(h) and not a third-party defendant impleaded under Rule 14, as is the case here. 692 F.2d at 555 & n.4. Second, as noted above, jurisdiction over ancillary parties has been upheld consistently by this Circuit. Finally, since ancillary claims arise out of the subject matter of the original action and depend at least in

part upon its resolution, substantial economies may result to the parties and the courts from hearing the ancillary claims together with the original action. Under these circumstances, it would be unwise to read *Safeco* as inconsistent with or narrowing this Circuit's prior position on ancillary jurisdiction, at least with respect to Rule 14 impleader. The rule of *Safeco* should not be extended to the circumstances of this case. *See Ahern v. Gaussoin,* 104 F.R.D. 37 (D.Or.1984) (post-*Safeco* case holding that court had ancillary jurisdiction over third-party complaint for contribution, but exercising discretion to dismiss).

■ The other issue raised by this motion is whether *Owen Equip.* applies to the instant case so as to deprive the Court of subject matter jurisdiction of the third-party complaint against Grefco. The Court's jurisdiction over the primary action is premised on diversity pursuant to 28 U.S.C. § 1332(a)(1), which requires complete diversity between each plaintiff and each defendant. *Owen Equip.,* 437 U.S. at 373, 98 S.Ct. at 2402. In *Owen Equip.,* the plaintiff attempted to amend its complaint to assert a state law claim against a non-diverse third-party defendant whom the original defendant had impleaded. The Court was concerned that if plaintiff were permitted to assert such claims, the statutory requirement of complete diversity could be defeated "by the simple expedient of suing only those defendants who were of diverse citizenship and waiting for them to implead nondiverse defendants." *Id.* at 374, 98 S.Ct. at 2402–03. The Court distinguished the situation before it from those involving ancillary jurisdiction over non-federal claims in situations involving impleader, cross-claims or counterclaims. The Court focused on two factors. First, the claim in *Owen Equip.* was not ancillary to the federal claim in terms of being dependent, at least in part, on the resolution of the primary lawsuit. *Id.* at 376, 98 S.Ct. at 2403–04. Second, the non-federal claim "was asserted by the plaintiff, who voluntarily chose to bring suit upon a state-law claim in a federal court. By contrast, ancillary jurisdiction typically involves claims by a defending party haled into court against his will...." *Id.*

■ Unlike the circumstances in *Owen Equip.,* the indemnity claims asserted by Brown & Caldwell against Grefco are clearly ancillary to defendants' counterclaim against Brown & Caldwell. The third-party complaint for indemnity is dependent, at least in part, upon the resolution of the underlying counterclaim and its relation to defendants' counterclaim "is thus not mere factual similarity but logical dependence." *Id.* at 376, 98 S.Ct. at 2403–04. Second, although like the plaintiff in *Owen Equip.,* Brown & Caldwell is the plaintiff who commenced the original action, with respect to Grefco it is in fact a third-party plaintiff. In essence, Brown & Caldwell is impleading Grefco as part of its defense to defendants' counterclaim. Impleader is one of the types of non-federal claims specifically mentioned in *Owen Equip.* as falling within a court's ancillary jurisdiction. *Id.* at 375 n. 18, 98 S.Ct. at 2403 n. 18. Unlike the circumstance in *Owen Equip.,* where the court noted that the only barrier to the naming of the impleaded defendant as defendant in the original action was the diversity statute, in the instant case, there was no logical reason for plaintiff to include Grefco as a defendant in the initial action because Grefco's alleged liability to Brown & Caldwell is contingent on Brown & Caldwell's liability to defendants on their counterclaim. Thus, unlike the plaintiff in *Owen Equip.,* Brown & Caldwell is not strategically attempting to circumvent the requirements of the diversity statute. Accordingly, I conclude that this Court's ancillary jurisdiction has been invoked properly and that *Owen Equip.* does not control in light of the circumstances here.

IT IS ORDERED that Grefco's motion to dismiss Brown & Caldwell's third-party complaint is denied. Grefco's third-party answer shall be filed and served within 30 days.