**BASIC MACHINERY CO., INC., Plaintiff,**

v.

**KETOM CONSTRUCTION, INC., Defendant,**

v.

**ELECO, INC., Third–Party Defendant,**

v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY and U.S.E.D., Inc., Additional Defendants.**

No. C–87–818–G.

United States District Court, M.D. North Carolina, Greensboro Division.

June 29, 1988.

Benjamin Spence Albright, Ramseur, N.C., J. Ed Stone, Siler City, N.C., for plaintiff.

Michael A. Bailey and H. Morris Caddell, Jr., Charlotte, N.C., for defendant.

## MEMORANDUM OPINION

ERWIN, District Judge.

This matter is before the court upon a motion by additional defendant U.S.E.D., Inc. to dismiss the complaint of Basic Machinery Co., Inc. against it pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The parties have fully briefed the issue, and the matter is now ready for a ruling. The court denies defendant's motion to dismiss for lack of subject matter jurisdiction.

### Background

Plaintiff Basic Machinery Co., Inc. (Basic) filed this action against defendant Ketom Construction, Inc. (Ketom) for alleged breach of contract and for failure to pay for repairs on a coal conveyor and stacker at Camp Lejeune, North Carolina. Ketom counterclaimed against Basic and brought a third-party complaint against Eleco, Inc. for the alleged negligence of the parties in constructing the conveyor, which collapsed in July 1987. Basic filed a cross-claim against Eleco for recovery of any damages Ketom might recover from it. Eleco filed a counterclaim against both Ketom and United States Fidelity and Guaranty Company (USF & G) and cross-claimed against Basic. On March 18, 1988, United States Magistrate Trevor Sharp allowed Basic to add U.S.E.D., Inc. (U.S.E.D.) as an additional defendant, and Basic filed a complaint against U.S.E.D. shortly thereafter.

All parties to this action are corporations. Eleco and Basic are North Carolina corporations, whereas U.S.E.D., Ketom, and USF & G are foreign corporations. Because plaintiff Basic and third-party defendant Eleco are non-diverse parties in this action, U.S.E.D. claims that this court lacks subject matter jurisdiction over this diversity action.

### Discussion

The court's jurisdiction over the primary action in this matter—Basic's contract claims against Ketom—is premised on diversity pursuant to 28 U.S.C. § 1332(a)(1) (1988). The United States Supreme Court has interpreted that statute to require complete diversity between each plaintiff and each defendant. *Owen Equipment and Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). However, the court recognized that cross-claims and counterclaims against non-diverse parties may be retained in federal courts pursuant to the ancillary jurisdiction doctrine. *Id.*, at 375, 98 S.Ct. at 2403. Third-party claims are ancillary "if the claims arise out of the subject matter of the original action and involve the same persons and issues ... or if they arose out of the same 'transaction or occurrence.'" *United States v. United Pacific Insurance Co.*, 472 F.2d 792, 794 (9th Cir.1973), *cert. denied*, 411 U.S. 982, 93 S.Ct. 2273, 36 L.Ed.2d 958 (1973).

Plaintiff filed a cross-claim against Eleco pursuant to Rule 14(b) of the Federal Rules of Civil Procedure. However, defendant U.S.E.D. claims that plaintiff is required instead to amend its complaint pursuant to Rule 14(a) in order to file a claim against Eleco and that such an amended complaint defeats diversity jurisdiction over this suit since Basic and Eleco are non-diverse parties. The court disagrees with U.S.E.D.'s contention. For the reasons set forth below, the court finds that Basic properly filed a cross-claim pursuant to Rule 14(b) and that the court properly retains jurisdic-

tion over this matter under the doctrine of ancillary jurisdiction.

U.S.E.D. relies primarily on *Owen* and *Kenrose Mfg. Co., Inc. v. Fred Whitaker Co.*, 512 F.2d 890 (4th Cir.1972), to support its argument that plaintiff was required to file its claim against Eleco pursuant to Rule 14(a). Those cases, however, are distinguishable from Basic's cross-claim against Eleco. First, the *Owen* and *Kenrose* plaintiffs amended their original complaints so that they could directly sue the third-party defendants. Second, the amended complaints asserted the same cause of action against the third-party defendants that they asserted against the original defendants. *Owen*, 437 U.S. at 368, 98 S.Ct. at 2399 (Plaintiff amended complaint naming the third-party defendant as an additional party in its negligence action.); *Kenrose*, 512 F.2d at 892 ("Kenrose amended the complaint to expand its original cause of action for nuisance to include a direct claim against the third-party defendant."). Third, the courts were concerned in those cases with possible abuse of the diversity statute by plaintiffs and defendants in future cases if they upheld federal court jurisdiction. The *Kenrose* court stated those concerns as follows:

> (1) plaintiff should not be allowed, by an indirect route, to sue a co-citizen under diversity jurisdiction when he is not permitted to sue that party directly; (2) the majority rule prevents collusion between plaintiff and defendant to obtain federal jurisdiction over a party who would otherwise not be within the court's reach; (3) the rule which generally does not require diversity as between plaintiff and third-party defendant proceeds on the assumption that the plaintiff is seeking no relief against the third-party defendant; and (4) federal dockets are so overcrowded that the federal court should not reach out for state law based litigation. [Footnotes omitted.]

*Kenrose*, 512 F.2d at 893–94. Those concerns are not present in this action.

As the Supreme Court noted in *Owen*, "In determining whether jurisdiction over a nonfederal claim exists, the context in which the nonfederal claim is asserted is crucial." *Owen*, 437 U.S. at 375–76, 98 S.Ct. at 2403–04. It does not violate the precedent established in *Owen* and *Kenrose* to allow Basic to bring its cross-claim pursuant to Rule 14(b) despite the lack of diversity between Basic and Eleco. First, there is no concern that Basic is trying to circumvent 28 U.S.C. § 1332(a)(1) and broaden its original contract action by asserting its cross-claim against Eleco. Unlike the *Owen* and *Kenrose* plaintiffs, Basic's cross-claim was in response to Ketom's counterclaim against it for negligence. In effect, Basic has become a defendant. Rule 14(a) permits defendants to cross-claim against non-diverse third-party defendants despite the requirement of complete diversity under 28 U.S.C. § 1332(a)(1). *See, e.g., Owen*, 437 U.S. at 375–76, 98 S.Ct. at 2403 (ancillary jurisdiction over nonfederal claims often upheld in situations involving cross-claims where defending party is haled into court against his will or where another person's rights might be lost unless he asserts them in federal court). The same exception should also be available to a plaintiff who is subject to a defendant's counterclaim since Rule 14(b) states that "[w]hen a counterclaim is asserted against a plaintiff, the plaintiff may cause a third party to be brought in under circumstances which under this rule would entitle a defendant to do so." Fed.R.Civ.P. 14(b).

Second, plaintiff's cross-claim to recover damages does not assert any cause of action that is not dependent on the court's resolution of Ketom's counterclaim; no basis exists for the cross-claim in the absence of Ketom's counterclaim. Federal courts have retained jurisdiction over similar matters where the original plaintiff's third-party complaint against a third-party defendant arises from and is dependent on the original defendant's counterclaim. *See, e.g., Morse/Diesel, Inc. v. Trinity Industries, Inc.*, 655 F.Supp. 346 (S.D.N.Y.1987); *Brown and Caldwell v. Institute for Energy Funding, Ltd.*, 617 F.Supp. 649 (D.C. Cal.1985). The *Owen* court specifically recognized the continued validity of federal court jurisdiction over such ancillary matters that would otherwise defeat diversity

jurisdiction. *Owen,* 437 U.S. at 375 n. 18, 98 S.Ct. at 2403 n. 18.

Finally, the court notes that all the claims involved in this matter arise from and are logically related to the same transaction or occurrence—the construction and repair of a coal conveyor and stacker. Hence, judicial economy and convenience to the parties will be served by hearing the claims in one forum.

### Conclusion

For the reasons set forth above, the court denies U.S.E.D's motion to dismiss Basic's claim against it due to a lack of subject matter jurisdiction over this action.