**Ned G. SAALFRANK, Plaintiff-Appellee,**

v.

**Melva M. O'DANIEL, Defendant and Third Party Plaintiff-Cross Appellant,**

v.

**PARKVIEW MEMORIAL HOSPITAL, INC., Third Party Defendant-Appellant.**

**Nos. 75–1991, 75–1992.**

United States Court of Appeals, Sixth Circuit.

Argued Feb. 5, 1976.

Decided April 14, 1976.

Rehearing and Rehearing En Banc Denied June 4, 1976.

Wilbur C. Jacobs, Mittendorf, Jacobs, Reiser & Zriak, Toledo, Ohio, Thomas W. Yoder, C. Erik Chickedantz, Livingston, Dildine, Haynie & Yoder, Fort Wayne, Ind., John M. Curphey, Robinson, Curphey & O'Connell, Toledo, Ohio, for appellants.

Warren Wyneken, Fort Wayne, Ind., Matt Kolb, Toledo, Ohio, for plaintiff-appellee.

Before WEICK, CELEBREZZE and LIVELY, Circuit Judges.

LIVELY, Circuit Judge.

The principal question in this case is whether the district court properly assumed ancillary jurisdiction of a direct claim by a plaintiff against a non-diverse third party defendant in a personal injury action where the only basis of jurisdiction was diversity of citizenship. We reverse for the reasons stated herein.

Ned Saalfrank, a resident of Indiana, was injured when his automobile was struck at an intersection near Napoleon, Ohio by the automobile of Melva O'Daniel, an Ohio resident. The O'Daniel car pulled into the path of Saalfrank's automobile which had the right of way. Saalfrank was taken to a Napoleon, Ohio hospital where it was determined that he had sustained a compressive fracture of a lumbar vertebra in addition to other less serious injuries. Later the same day Saalfrank was transferred to Parkview Memorial Hospital at Fort Wayne, Indiana. An incident occurred four days later at Parkview Hospital which Saalfrank claims resulted from negligence of the hospital and greatly aggravated the injuries which he had suffered in the automobile accident.

On February 25, 1971 Saalfrank sued O'Daniel in the United States District Court for the Northern District of Ohio, Western Division at Toledo. On May 21, 1971 Saalfrank sued Parkview Memorial Hospital,

Inc. in an Indiana state court. Subsequently O'Daniel filed third party complaints in the federal district court against Ford Motor Company (Ford), a Michigan corporation, Don Kremer Ford, Inc. (Kremer), an Ohio corporation and Parkview Memorial Hospital, Inc. (Parkview), an Indiana corporation. All were named as third party defendants pursuant to Rule 14(a), Fed.R. Civ.P., as persons who were or might be liable to O'Daniel for all or part of Saalfrank's claim against her. The plaintiff Saalfrank then filed an amended complaint in the district court naming Parkview, Ford and Kremer as defendants. The district court dismissed Saalfrank's claim against Parkview for lack of jurisdiction.

Prior to the filing of Saalfrank's first amended complaint or the third party complaints against Kremer and Parkview, when the only parties to the federal action were the plaintiff Saalfrank, the defendant O'Daniel and the third party defendant Ford, O'Daniel's insurance carrier paid Saalfrank $45,000 in return for Saalfrank's "Agreement Not to Execute." Under this agreement Saalfrank could not collect any additional damages from O'Daniel and he agreed that if he should recover in excess of $250,000 from any other persons for his injuries he would reimburse O'Daniel's insurer, Nationwide Insurance Company (Nationwide), to the full extent of such excess up to $45,000. After this settlement had been made Saalfrank's attorney recommended that O'Daniel's attorney make Parkview a third party defendant and prepared the pleadings to this end which O'Daniel's attorney signed and filed. Saalfrank's attorney wrote to O'Daniel's attorney, ". . . you have a great deal to gain and nothing to lose by making the hospital your defendant on the theory that you are entitled to indemnification . . . I should not deny that our purpose in proposing this action has the ulterior motive of making it possible to also make the hospital the defendant of Mr. Saalfrank in the same proceedings . . . ." Prior to trial Nationwide was made a third party plaintiff on Ford's motion.

Meanwhile the action of Saalfrank against Parkview proceeded to trial in the Indiana state court and ended in a hung jury. The state action had not been retried when the district court at Toledo held a pre-trial conference on April 29, 1974. At that time Parkview was in the federal court case only as a third party defendant to the claim of O'Daniel for indemnification. In its pre-trial order the district court directed that all parties would be deemed to have waived jury trial unless their requests were reinstated before May 6, 1974. The parties did not reinstate their previous demands for jury trial and the case was eventually tried by the court beginning on May 28, 1974. On May 20, 1974 Ford and Kremer were permitted to file a cross-claim against Parkview.

At the conclusion of the trial an order was entered determining "that a verdict for the plaintiff will be entered as against the defendant O'Daniel, but the question of damages will remain under advisement." The order dismissed the complaint and third party complaints against Ford and Kremer on a finding that there was no probative evidence that any defect in the O'Daniel vehicle had contributed to the collision with the Saalfrank automobile. The court took the third party complaint of O'Daniel against Parkview under advisement. Saalfrank then made a motion under Rule 54(b), Fed.R.Civ.P., for the court to vacate its order dismissing the complaint of Saalfrank against Parkview. The court denied this motion, holding that diversity would be destroyed if Parkview were made a party defendant and this would "divest this Court of subject-matter jurisdiction."

Undaunted by two previous denials, the plaintiff again renewed his motion to vacate the order dismissing his complaint against Parkview. The district court reconsidered its previous rulings and concluded that it was appropriate to exercise pendent jurisdiction over Saalfrank's claim against Parkview. *Saalfrank v. O'Daniel,* 390 F.Supp. 45–53 (N.D. Ohio 1974). After denying Parkview's motion to reconsider, *Id.* at 53–58 (1975), the court entered its find-

ings of fact and conclusions of law and a judgment in favor of Saalfrank for $150,000 against O'Daniel and Parkview "jointly and severally." On motion of O'Daniel the judgment was amended to read, in part,

that defendant Melva M. O'Daniel be jointly and severally liable for the full sum of $150,000.00; and that Third-Party Defendant Parkview Memorial Hospital be severally liable for the sum of One Hundred Thousand Dollars. Third Party Plaintiff Melva M. O'Daniel have judgment against Third-Party Defendant Parkview Memorial Hospital on her Third-Party Complaint for indemnification and recover therefrom the sum of One Hundred Thousand Dollars.

Parkview filed a motion to set aside the amended judgment and dismiss Parkview, or in the alternative for a new trial. The district court denied this motion and entered a second amended judgment which provided, in part, as follows:

It is Ordered and Adjudged that plaintiff Ned G. Saalfrank have judgment against defendant Melva M. O'Daniel and Third Party Defendant Parkview Memorial Hospital and recover therefrom the sum of $150,000.00 together with interest at the rate of 6% per annum and the costs of this action: that defendant Melva M. O'Daniel be jointly and severally liable for the full sum of this judgment of $150,000.00, and that Third Party Defendant Parkview Memorial Hospital be severally liable for only the sum of $100,-000.00 of this judgment.

Upon payment by Melva M. O'Daniel of any sum in excess of $50,000.00 to the plaintiff Ned G. Saalfrank, Third Party Plaintiff Melva M. O'Daniel shall have judgment against Third Party Defendant Parkview Memorial Hospital on her Third Party Complaint for indemnification and recover therefrom such sums in excess of $50,000.00 as she has actually paid.

█ Parkview has raised a number of issues on appeal. However, the court's conclusion that the district court erred in deciding Saalfrank's claim against Parkview in this action disposes of the entire appeal.

The district court held that it had pendent jurisdiction over Saalfrank's claim against Parkview primarily on the basis of *Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). That case is distinguishable from the present one in at least two critical respects. First, and most important, jurisdiction of the federal court in *Gibbs* was based on a "federal question"; damages were sought under Section 303 of the Labor Management Relations Act of 1947. Second, the pendent state claim asserted by the plaintiff was against the same defendant as the federal claim. In the present case subject-matter jurisdiction of the claim against O'Daniel rested solely on diversity of citizenship, not on a federal question. Furthermore, the so-called pendent claim was against Parkview, not against the defendant O'Daniel and there was no diversity between Saalfrank and Parkview.

In *Gibbs* the Supreme Court stated that the justification for the doctrine of pendent jurisdiction "lies in considerations of judicial economy, convenience and fairness to litigants; . . . ." *Id.* at 726, 86 S.Ct. at 1139, 16 L.Ed.2d at 228. In the first instance there must be a federal claim having "substance sufficient to confer subject matter jurisdiction on the court." *Id.* at 725, 86 S.Ct. at 1138, 16 L.Ed.2d at 227. When the existence of such a claim is established a federal court may, in its discretion and in consideration of judicial economy, convenience and fairness, exercise its judicial power to decide related state claims "which derive from a common nucleus of operative fact." *Id.* The Court did not hold in *Gibbs* that a federal court has the power to decide a purely state claim in the absence of a related substantial federal claim, that is, one " 'arising under [the] Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority . . . .' U.S.Const., Art. III, § 2." *Gibbs, supra,* at 725, 86 S.Ct. at 1139, 16 L.Ed.2d at 227.

We have been directed to no Sixth Circuit decisions precisely in point. In *McPherson v. Hoffman,* 275 F.2d 466 (6th Cir. 1960),

this court held that a railroad employee who was injured in an accident between his employer's truck and another vehicle could not sue the other driver whose residence was the same as plaintiff's in federal court either separately or as co-defendant with his employer. The action against Hoffman's employer was brought under the Federal Employer's Liability Act (FELA). In light of the decision in *Mine Workers v. Gibbs, supra,* if a case similar to *McPherson* were presented today it would be necessary to determine whether an FELA case affords a sufficiently substantial federal question basis of jurisdiction to support a pendent state law claim.

The *Gibbs* doctrine of pendent jurisdiction was relied upon in *Ohio Hoist Manufacturing Co. v. LiRocchi,* 490 F.2d 105 (6th Cir. 1974). There it was held that a federal court with jurisdiction of a claim arising under a federal statute which did not explicitly permit recovery of damages for its violation has pendent jurisdiction of a non-federal claim for damages resulting from violation of the federal statute.

This court has also held that where diversity exists between plaintiffs and defendants, it is not necessary that there be independent grounds of jurisdiction between the plaintiffs and third party defendants against whom the plaintiffs seek no relief. *Stemler v. Burke,* 344 F.2d 393 (6th Cir. 1965); *Huggins v. Graves,* 337 F.2d 486 (6th Cir. 1964). Further, where there is complete diversity between all plaintiffs and all defendants and the jurisdictional amount prescribed by 28 U.S.C. § 1332 is met as to one or more of the defendants, it has been held that a federal court has pendent jurisdiction to decide the claims against all defendants arising out of the same transaction or controversy. *F. C. Stiles Contracting Co. v. Home Insurance Co.,* 431 F.2d 917 (6th Cir. 1970); *Beautytuft, Inc. v. Factory Insurance Association,* 431 F.2d 1122 (6th Cir. 1970). *See Rosado v. Wyman,* 397 U.S. 397, 405 n. 6, 90 S.Ct. 1207, 1214, 25 L.Ed.2d 442, 451 (1970).

None of the Sixth Circuit cases relied upon by Saalfrank involved a claim for recovery by a plaintiff against a non-diverse third party defendant where the sole basis of jurisdiction of the action was diversity of citizenship.

Strictly speaking, a case such as the present one involves ancillary, rather than pendent jurisdiction. See Wright, *Law of Federal Courts* (2d ed.) at 65. *Mine Workers v. Gibbs, supra,* was concerned with pendent jurisdiction only. The Supreme Court does not appear to have decided whether the doctrine of ancillary jurisdiction empowers a federal court to decide a direct claim by a plaintiff against a non-diverse third party defendant in the absence of an independent jurisdictional basis. In *Moor v. County of Alameda,* 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973) and *Hagans v. Lavine,* 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974), as well as in *Seals v. Quarterly County Court,* 526 F.2d 216 (6th Cir. 1975), the federal court had jurisdiction based on a substantial federal question and the claims arising under state law were asserted under the court's pendent jurisdiction. Furthermore, third party defendants were not involved.

The Fourth Circuit decided the very issue now before this court in *Kenrose Mfg. Co. v. Fred Whitaker Co., Inc.,* 512 F.2d 890 (1972). The court considered the post-*Gibbs* trend among some district courts to dispense with the requirement of an independent basis of jurisdiction and the views of several distinguished commentators. Nevertheless, it affirmed the district court's dismissal of the plaintiff's amended complaint setting up a claim against a non-diverse third party defendant, noting that—

> With impressive consistency the overwhelming majority has held an independent jurisdictional basis to be a prerequisite to the maintenance of such a claim. 512 F.2d at 893. (citations omitted).

*Parker v. W. W. Moore & Sons, Inc.,* 528 F.2d 764 (4th Cir. 1975), followed the ruling in *Kenrose,* "at least in the circumstances of a case such as this," after noting criticism of the *Kenrose* decision by several commentators.

Since the Supreme Court has not spoken on this important jurisdictional question we are not disposed to adopt an inflexible rule of general application. However, we have no hesitancy in concluding that the district court abused its discretion in permitting Saalfrank to recover from Parkview in the present case. This case was peculiarly unsuitable for the exercise of ancillary jurisdiction over the claim of Saalfrank against Parkview. The action in the Indiana state court was tried to a jury more than one year before the trial in the present case. If the Indiana proceedings had ended in a verdict for either party rather than a hung jury the prevailing party would have been entitled to a judgment which would have been *res judicata* as to all issues between Saalfrank and Parkview. The fact that the first trial ended in a mistrial should not oust the Indiana state court of jurisdiction to adjudicate a malpractice action by an Indiana resident against an Indiana hospital. The State of Indiana has a significant interest in such an action.

■ Further, we find no authority in Rule 54(b) for "realigning the parties" after the trial was completed. Rule 54(b) is designed to permit appeals from partial judgments when one or more, but less than all claims are decided. In the present case the court purported to decide all the claims of all the parties, including those between Saalfrank and Parkview which Parkview had every right to believe, based on the previous rulings of the trial judge, were not within the jurisdiction of the district court. In certain circumstances Rule 15, Fed.R. Civ.P., may be availed of to permit an amendment after judgment and a realigning of parties. However, this may only be done if all parties have notice of the issues being tried and no prejudice will result. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222, 225 (1962). When Parkview permitted the case to be tried without reinstating its demand for a jury trial the court had ruled that Saalfrank could not proceed against Parkview in the action. Since Parkview was only in the case with respect to a third party complaint claiming indemnity, its counsel might properly have concluded that a jury trial would be of no particular benefit to it. The considérations on whether to reinstate the jury demand could certainly have been quite different if Parkview had known it would be required to defend Saalfrank's claim directly, with Ford and Kremer as well as O'Daniel as co-defendants and an insurance company as one of the plaintiffs. From the record it would be impossible to conclude that Parkview suffered no prejudice from the reversal of the district court's previous rulings.

■ The second amended judgment awarded damages of $150,000 to Saalfrank and provided for indemnification in favor of O'Daniel against Parkview for any sum in excess of $50,000 actually paid to Saalfrank by O'Daniel. The indemnification award was based on O'Daniel's third party complaint against Parkview. However, by reason of Nationwide's previous payment to Saalfrank and the terms of the "Agreement Not to Execute," O'Daniel was completely shielded from any requirement to pay Saalfrank additional sums in excess of the $45,-000 already paid. Under these circumstances no right to indemnification exists.

The judgment of the district court is reversed on Parkview's appeal. The amended complaint by which Saalfrank sought recovery from Parkview and the third party complaint of O'Daniel against Parkview are dismissed. The judgment is affirmed on the cross-appeal of O'Daniel. The appellant Parkview will recover from the appellee Saalfrank and the cross-appellant O'Daniel its costs on appeal.