**R. E. PERKINSON, Plaintiff,**

v.

**Everett L. PENICK, Defendant and Third-Party Plaintiff,**

v.

**Carl N. GRAYBEAL et al., Third-Party Defendants.**

**No. CIV–2–77–52.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Aug. 3, 1977 and Oct. 27, 1977.

William T. Gamble, Kingsport, Tenn., for plaintiff.

Duane S. Snodgrass, Kingsport, Tenn., for defendant.

J. Paul Coleman, and James E. Brading, Johnson City, Tenn., Robert M. Worrell, Pineville, W. Va., and Charles A. Tutwiler, Welch, W. Va., for third-party defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

■ The third-party defendants Messrs. Carl N. Graybeal and Thomas L. Graybeal, not having served and filed timely written objections to the recommendation of a United States magistrate of this district, that their motion for a dismissal of the third-party complaint herein on the grounds of the third-party plaintiff's failure to state a third-party claim on which relief can be granted and for want of jurisdiction of the subject matter of such third-party claim, Rules 12(b)(1), (6), Federal Rules of Civil Procedure, be denied, 28 U.S.C. § 636(b)(1), such recommendation of July 14, 1977 hereby is ACCEPTED. *Idem.*

■ The third-party plaintiff is entitled to proceed against the third-party defendants as the third-party defendants are or may be liable to the third-party plaintiff for all or part of the original plaintiff's claim against the third-party plaintiff. *Dawn v. Essex Conveyors, Inc.,* D.C.Tenn. (1973), 379 F.Supp. 1342, 1344[1], affirmed, C.A. 6th (1974), 498 F.2d 921 (table), certiorari denied *sub nom. Process Equipment Engineering Company, Inc., v. Tennessee Eastman Company,* (1974), 419 U.S. 1040, 95 S.Ct. 528, 42 L.Ed.2d 317. As jurisdiction exists between the plaintiff and the defendant by reason of diversity of citizenship and the requisite jurisdictional amount, 28 U.S.C. § 1332(a)(1), the Court needs no independent jurisdictional ground as between the third-party plaintiff and the third-party defendants to determine the ancillary third-party claim arising herein out of the same core of facts. *Saalfrank v. O'Daniel,* C.A. 6th (1976), 533 F.2d 325, 329[1]; *Stemler v. Burke,* C.A. 6th (1965), 344 F.2d 393, 395–396[1].

For those reasons, the third-party defendants' motion of June 6, 1977 herein hereby is

DENIED.

## MEMORANDUM AND ORDER

A United States magistrate filed on October 5, 1977 his recommendation for the disposition of the motion of August 26, 1977 of the third-party plaintiff to strike or, alternatively, dismiss the third-party defendants' prayer herein for declaratory relief. 28 U.S.C. § 636(b)(1)(C). Copies thereof were mailed the same day to all parties herein. *Idem.* No timely objection was served and filed to such recommendation. 28 U.S.C. § 636(b)(1). The undersigned judge hereby MODIFIES such recommendation.

*Inter alia,* it was recommended that the third-party plaintiff's motion to strike the third-party defendants' application for declaratory relief be denied. "* * * [U]pon motion made by a party within 20 days after service of the pleading upon him * * *, the court may order stricken from any pleading any insufficient defense. * * *" Rule 12(f), Federal Rules of Civil Procedure.

■ A federal court is never under compulsion to exercise its federal declaratory judgment jurisdiction, so that the defensive application of the third-party defendants therefor was addressed to the Court's discretion. *Brillhart v. Excess Ins. Co. of America* (1942), 316 U.S. 491, 494, 62 S.Ct. 1173, 86 L.Ed. 1620, 1625 (headnote 1). As the third-party action presents the same issues as would be raised by this Court's entertaining the third-party defendants' application for declaratory relief, it would be uneconomical and vexatious for this Court to proceed in addition with their declarato-

ry claim. As thus modified, the recommendation of October 5, 1977 of the magistrate herein hereby is ACCEPTED; the motion of the third-party plaintiff of August 26, 1977 hereby is GRANTED; and, the application of the third-party defendants for relief under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, hereby is STRICKEN as an insufficient defense herein.