William H. TAYLOR, Sr., individually and as personal representative of the estate of William B. Taylor, Jr., and Mattie Taylor, Plaintiffs,

v.

Gerald COLLINS, individually and as a police officer in the City of Flint; Thomas L. Peek, individually and as a police officer in the City of Flint; Loren Ettema, individually and as a police officer of the City of Flint; Max Durbin, Chief of Police of the City of Flint Police Department, individually and in his official capacity; James Rutherford, individually and in his official capacity as Mayor of the City of Flint; and the City of Flint, a municipal corporation, jointly and severally, Defendants and Cross Plaintiffs,

v.

Mark EMMENDORFER, individually and as a police officer in the City of Flint, Defendant and Cross Defendant.

No. 80–40335.

United States District Court, E. D. Michigan, S. D.

Aug. 16, 1982.

Tracy Collier-Nix, Thomas L. Stanley, Flint, Mich., for plaintiffs.

Frederick L. Schmoll, III, Flint, Mich., Mark E. Blumer, Crim. Div., Atty. Gen., Lansing, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

NEWBLATT, District Judge.

The above-entitled case is before the Court on defendant Emmendorfer's motion to dismiss for lack of jurisdiction; plaintiffs and cross plaintiffs oppose the motion.

Plaintiffs' deceased was killed by a Flint police officer investigating a reported breaking and entering call. Plaintiffs sued the police officers involved, the City of Flint and state police employee Mark Emmendorfer under 42 U.S.C. § 1983, the United States Constitution and pendent state claims. The federal claims against defendant Emmendorfer were dismissed

September 17, 1981 for failure to state a claim. Defendant Emmendorfer then filed a motion to dismiss the pendent state claims there being no independent basis of federal jurisdiction. Defendants Collins, Peek, Durbin, Rutherford, and the City of Flint thereupon as cross-plaintiffs filed a cross complaint against defendant Emmendorfer for indemnity and contribution under state law. Defendant Emmendorfer filed a motion to have the cross complaint dismissed also.

Defendant Emmendorfer argues in his motions that this court may not entertain any state claims against him because it has no independent basis of federal jurisdiction over him, citing *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976) and *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978).

■ The first question is whether defendants may bring a cross claim against defendant Emmendorfer in this court in this context. Although such a claim is authorized by Rule 14 of the Federal Rules of Civil Procedure, the federal rules may not expand this court's jurisdiction. Such a claim does seem to fall squarely within this court's ancillary jurisdiction however. *Burke v. Hahn,* 592 F.2d 542 (CA 9, 1979); 6 Wright & Miller, p. 220, § 1444; *see also Saalfrank v. O'Daniel,* 533 F.2d 325 (CA 6, 1976) and *Owen, supra* at L.Ed.2d 285, White dissenting. This is not the same as the situation in either *Aldinger, supra,* or *Owen, supra.* In *Aldinger* it was the primary plaintiff who was trying to assert a state claim over a party not otherwise before the court. In that case, the plaintiff could have brought all of her claims in state court if she so desired. In this case, defendants did not choose the forum; they are forced to defend here and should not be left subject to inconsistent judgments by being forced to litigate any claims they may have arising out of this incident against Emmendorfer in state court. In *Owen,* the court did not question the defendants' right to

bring in a third party over which there was no independent basis of jurisdiction. Again the court was concerned with a claim brought by the primary plaintiff. Third-party defendant Emmendorfer's motion to dismiss the third-party claim on the aforementioned grounds is hereby denied.

■ Next to be considered is plaintiffs' state law claims against Emmendorfer and whether those claims may stand. It is clear that, standing alone, plaintiffs' jurisdiction claims do not exist. Having dismissed plaintiffs' federal claims against Emmendorfer, but for the cross claims, this situation would be likened to one of two or both situations: (first), where a federal anchor claim against a defendant has been dismissed; and (second), where one seeks to assert a pendent party claim. This latter is sometimes referred to as ancillary jurisdiction as distinguished from pendent jurisdiction. Pendent jurisdiction is generally considered to apply to a situation where a plaintiff asserts both federal and state law claims against the same defendant;—pendent party (ancillary jurisdiction) is generally considered to apply to a situation when a federal claim is asserted against one defendant and a state claim arising out of the same transaction or operative set of facts against a different defendant.

In pendent claim jurisdiction this Court has generally exercised its discretion not to retain jurisdiction over the pendent state claim if the federal anchor claim has been dismissed. *See Mid-State Food Dealers v. City of Durand,* 525 F.Supp. 387, 392 (E.D. Mich.1981). In pendent party claims, this Court has no jurisdiction. *See Aldinger, supra.*

The question here is whether the fact that Emmendorfer is before the Court as a third-party defendant would allow the Court to adjudicate plaintiffs' claims as well—a different question than the pendent claim—pendent party questions identified above.

This question, while different, is quite similar to that presented in *Owen, supra.*[1]

---

1. The question raised in *Aldinger, supra,* is not, strictly speaking, a problem in this case.

Third-party defendant is properly before the

In *Owen*, plaintiff brought a tort suit in federal court on diversity jurisdiction. The defendant filed a third-party action against Owen Equipment Company. Plaintiff then amended her complaint to allege a direct action against the third-party defendant. There was no diversity between these parties. The Supreme Court held that in a case based on diversity of citizenship the plaintiff could not assert a state law claim against a non-diverse third party. To allow that, the court held, would expand the court's diversity jurisdiction and circumvent the requirement of complete diversity.

The case before this Court is different in that jurisdiction over the main claim is based on a federal question, not on diversity. Although plaintiff could have brought her entire action in state court, she clearly has a greater interest in bringing her federal constitutional claim into federal court than does a diverse plaintiff asserting a state cause of action. In addition, third-party defendant could be prejudiced by this Court's assertion of ancillary jurisdiction over the third-party complaint while sending the plaintiff to state court to assert a direct cause of action based on the same facts.

Therefore, the Court will retain jurisdiction over plaintiffs' state claims against third party defendant Emmendorfer. However, if the third party complaint is dismissed for any reason, the Court will reconsider such jurisdiction. Defendant Emmendorfer's motions are denied.

IT IS SO ORDERED.

Court on ancillary jurisdiction. If for some reason, the third-party complaint were dismissed and the Court no longer had ancillary jurisdiction, plaintiffs' assertion of federal court jurisdiction over their state claims against Emmendorfer would need to be analyzed under *Aldinger.*