The **TRAVELERS INDEMNITY COMPANY** et al., Plaintiffs-Appellants,

v.

**WESTINGHOUSE ELECTRIC CORPORATION** et al., Defendants-Appellees.

No. 29128
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
July 9, 1970.

Frank J. Peragine, New Orleans, La., Hugh E. Reynolds, Jr., Indianapolis, Ind., for plaintiffs-appellants; Deutsch, Kerrigan & Stiles, New Orleans, La., and Locke, Reynolds, Boyd & Weisell, Indianapolis, Ind., of counsel.

John V. Baus, Cicero Sessions, Sessions, Fishman, Rosenson, Snellings & Boisfontaine, Robert E. Barkley, Jr., New Orleans, La., for defendants-appellees.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

In this case the District Court granted the motion of the appellees (defendants) to dismiss under the facts and for the reasons stated in the memorandum and order of that court which is attached to this opinion as an appendix. We find no error in the action of the trial court and the judgment is affirmed.[1]

APPENDIX

(Number and Title Omitted. Filed: Dec. 15, 1969)

BOYLE, District Judge.

This matter came on for hearing and argument on December 10, 1969, on the Motions of Defendants, Gulf Engineering Company, Inc. and Maryland Casualty Company, to Dismiss, for Judgment on the pleadings and to Stay, and the Court having taken time to consider:

Therefore, having considered the matter,

It is ordered that the Motion of Defendants, Gulf Engineering Company, Inc. and Maryland Casualty Company, to Dismiss be, and it is hereby, granted.

It is further ordered that the Motions of Defendants, Gulf Engineering Company, Inc. and Maryland Casualty Company, for Judgment on the Pleadings and to Stay be, and they are hereby denied for mootness.

REASONS

This suit arises out of an alleged mechanical failure of a turbine-generator unit at Central Louisiana Electric Company's (hereafter CLECO) generating station in St. Landry, Evangeline Parish, Louisiana, on or about March 7, 1967. The outage or mechanical failure resulted in a fire allegedly causing damage to the equipment at the station. This suit is brought by either of CLECO's insurers, as subrogee of CLECO, to recover the sum of $1,367,-598.00 which they allegedly paid to CLECO as a result of the insured loss. The defendants are Westinghouse Electric Corporation (hereafter Westinghouse), which allegedly furnished, installed, repaired and inspected the unit, and Gulf Engineering Company, Inc. (hereafter Gulf), which also allegedly performed certain repair, maintenance and inspection work on the unit, as well as their respecting insurers. Plaintiffs seek to recover on theories of negligence and breach of warranty.

This suit was filed on March 6, 1968. On the same date, a suit entitled "The Travelers Indemnity Co., American National Fire Ins. Co., Hanover Ins. Co., The Connecticut Fire Ins. Co., Employers Liability Assur. Corp., Ltd., Royal Ins. Co., St. Paul Fire and Marine Ins. Co., The Sea Ins. Co., Ltd., and Reliance

1. Pursuant to our Rule 18 this case is decided without oral argument.

Ins. Co. vs. Westinghouse Corp., Gulf Engineering Co., Inc., Liberty Mutual Ins. Co., and Maryland Cas. Co.," and numbered 475-246 on its Docket 4 was filed in Civil District Court for the Parish of Orleans, State of Louisiana.

The state court suit arises out of the same occurrence as the instant suit and seeks recovery against the same defendants as here and on the same theories. Reliance Insurance Company (hereafter Reliance), with a claim totaling $56,257.-59, is joined as a party plaintiff in the state court action but not in this federal diversity suit. Reliance is incorporated in Pennsylvania, and is therefore a citizen of that state. 28 U.S.C. § 1332(c). Westinghouse, a defendant herein, is also incorporated in, and therefore a citizen of Pennsylvania.

In the state court action, an exception of non-joinder of parties, which was filed by Gulf Engineering and Maryland Casualty Company, was sustained, and as a result CLECO was joined as a party defendant in the state court action by the plaintiffs. CLECO is incorporated in, and is therefore a citizen of, Louisiana, as is the defendant, Gulf Engineering Company. CLECO subsequently filed a third-party demand in state court against the four other defendants who are the same four defendants in this action, seeking to recover its uninsured loss of $282,981.43, which has been reduced to $152,981.43 after subsequent payment by CLECO's insurers of the additional sum of $130,000.00 in settlement compromise.

Counsel for the plaintiffs herein, who also represents the Reliance Insurance Company in the state court action, concedes the foregoing statement of fact to be correct. He also concedes that the adjudication in state court would dispose of all issues involved in this litigation.

Defendants Gulf Engineering Company and Maryland Casualty Company have brought a motion for judgment on the pleadings, and alternatively, to dismiss this action and, alternatively, to stay this action in federal court.

Defendants move for judgment on the pleadings, since Louisiana does not recognize a cause of action by a partial subrogee absent joinder of the partial subrogor. La.Code Civ.Pro. Art. 697. Unless there has been a total subrogation, the action may be brought only by the subrogor and the subrogee. Neither one is entitled to bring the action alone. Since there was only a partial subrogation in this case and since the subrogor, CLECO, did not join in the action, the plaintiffs are not entitled to maintain the action. The remedy is to require the subrogor to join upon pain of dismissal. This was accomplished by the state court ruling requiring CLECO to be joined in the state court action. Such an action in this court would destroy the court's diversity jurisdiction. Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806).

Defendants move alternatively to dismiss this action for failure to join an indispensable party, viz. Reliance Insurance Company and CLECO. Since this suit was commenced on March 6, 1968, Rule 19, Fed.Rules Civ.Pro., as amended 1966, is applicable to and governs this issue. Under the new Rule 19, parties are "indispensable" when, considering the factors enumerated in Rule 19(b), the action should not proceed in their absence. Prestenback v. Employers' Ins. Co., 47 F.R.D. 163 (E.D.La. 1969). Of course joinder of Reliance and CLECO would destroy diversity jurisdiction.

In the alternative, movers urge that this suit be stayed pending the outcome of the state court suit. Thompson v. Boyle, 417 F.2d 1041 (5th Cir. Oct. 17, 1969).

The plaintiffs in the state court litigation, in which all parties necessary for a full adjudication of this matter have been joined, would have an adequate remedy despite dismissal of this action.

In this case, there is non-joinder of two parties who are indispensable to a full adjudication of all issues, Reliance and CLECO. La.Code Civ.Pro. 697;

Fed.Rules Civ.Pro. 19. Joinder of these indispensable parties would destroy this court's diversity jurisdiction. Strawbridge v. Curtiss, supra.

We believe the motion of defendants to dismiss should be granted (Fed.Rules Civ.Pro. 19; Morrison v. New Orleans Public Service, 415 F.2d 419 (5th Cir. 1969) and the remaining motions denied for mootness.