The **MERCHANTS NATIONAL BANK OF WINONA, Plaintiff,**

v.

**HARTFORD ACCIDENT AND INDEMNITY COMPANY, Defendant and Third-Party Plaintiff,**

v.

**Walter R. THOMPSON, Third-Party Defendant.**

**No. 1–73–Civ–236.**

United States District Court, D. Minnesota, Third District.

July 16, 1974.

---

John R. McDonald, Hafner, McDonald & Thompson, La Crosse, Wis., for plaintiff.

George C. King, Thomas, King, Swenson & Collatz, St. Paul, Minn., for defendant and third-party plaintiff.

Dennis R. Peterson, Rochester, Minn., for third-party defendant.

## MEMORANDUM AND ORDER

DEVITT, Chief Judge.

Plaintiff brought this action against defendant to recover on a policy of insurance insuring the plaintiff bank against losses resulting from dishonest acts of its employees. The claim of federal jurisdiction is based upon 28 U.S.C. § 1332. Plaintiff asserts that it has suffered losses in excess of one hundred thousand dollars as a result of dishonest and/or fraudulent acts of one Walter R. Thompson, who was an employee of the bank. As a result of these losses and by virtue of the terms of the insurance policy upon which plaintiff relies, plaintiff contends that it is entitled to recover from defendant the sum of $112,794.38.

Shortly after the original complaint in this action was filed, defendant, Hartford Accident and Indemnity Company, filed a third-party complaint against Walter R. Thompson. Defendant's third-party complaint asserts that if plaintiff is entitled to recover from defendant, then third-party defendant is liable over to defendant in such amount.

Plaintiff is a corporation having its principal place of business in Minnesota. Defendant is a corporation incorporated under the laws of Connecticut, having its principal place of business in a state other than Minnesota. Third-party defendant is a citizen of Minnesota. Third-party defendant has now brought a motion to dismiss on the ground that the Court lacks jurisdiction because there is no diversity of citizenship.

Walter R. Thompson claims the status of an indispensable party to the lawsuit between plaintiff and defendant. Generally, one is an indispensable party when the case cannot be decided on its merits without prejudicing the rights of that party. Sandobal v. Armour & Co., 429 F.2d 249 (8th Cir. 1970). When one is so involved in an action as to be considered an "indispensable" and necessary party to the litigation, yet he has not been made a party to the action, the court must sua sponte join that party to the lawsuit. Jett v. Zink, 362 F.2d 723 (5th Cir. 1966). Joinder or omission of an indispensable but nondiverse party requires dismissal. Travelers Indemnity Co. v. Westinghouse Elec. Corp., 429 F.2d 77 (5th Cir. 1970); Resnik v. La Paz Guest Ranch, 289 F.2d 814 (9th Cir. 1961).

■ This is the procedural chain of events which Walter R. Thompson asserts must occur in the instant case. He claims that he must be joined, presumably as a party defendant, thus destroying diversity and requiring dismissal of this case. However, this case is structured differently from that in the procedural analysis just set forth. The reason for the rule requiring joinder of an "indispensable" party is because it is naturally felt that their "presence is necessary to protect them from injustice to them that will arise out of the judgment." Gramatan-Sullivan, Inc. v. Koslow, 240 F.2d 523, 525 (2d Cir. 1957). But such joinder is obviously unnecessary when that individual has already been made a party to the action. The conclusion seems inescapable that when one is already a party to a lawsuit, there is no need to attempt an application of Federal Rule of Civil Procedure 19 dealing with his joinder as a necessary, proper, or indispensable party.

■ Such is the instant case. Walter R. Thompson has been impleaded by third-party plaintiff (defendant in the main action) as provided for by Federal Rule of Civil Procedure 14. Thompson is now third-party defendant in this action. The cases hold that under such circumstances the court retains jurisdiction even though that jurisdiction is based upon diversity of citizenship and plaintiff in the main action and third-party defendant are citizens of the same state. Plaintiff in the main action has no claim against third-party defendant. It is on the basis of *defendant's* claim against him that third-party defendant has been brought into this action. This claim by defendant is within the ancillary jurisdiction of the Court, and there is no need for an independent jurisdictional basis as between plaintiff and the third-party in this situation. Stemler v. Burke, 344 F.2d 393 (6th Cir. 1965); 3 J. Moore, Federal Practice ¶ 14.26 (2d

ed. 1974); *see also* Lawrence v. Great Northern Ry. Co., 98 F.Supp. 746 (D. Minn.1951).

The distinction should be made between the third party's liability to plaintiff alone, and liability to defendant. Rule 14 does not permit defendant to bring in a third party *solely* on the basis that the third party is liable to plaintiff. Rule 14 states that a defending party as third-party plaintiff may implead "a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." Fed.R.Civ.P. 14(a). Here defendant has asserted a claim against third-party defendant in his own behalf. The third party is brought in solely to answer a claim by the defendant that he may be liable over to the defendant. Third-party defendant cannot be held liable to plaintiff. However, should plaintiff amend his pleading to state a claim against the third party, this Court would have to reconsider the question of dismissal for lack of diversity jurisdiction.

As the case now stands, the Court retains full jurisdiction. This conclusion facilitates the judicial economy of hearing all claims which arise from basically the same facts. It is not apparent that this will work a hardship on any of the parties involved. Under Rule 14, the impleaded party is given the opportunity to fully protect his rights. He can participate in the trial of the main claim and can, of course, raise any and all defenses which he may have to his potential liability, including "any defenses which the third-party plaintiff [defendant] has to the plaintiff's claim [in the main action]." Fed.R.Civ.P. 14(a).

For the foregoing reasons, it is Ordered that third-party defendant's motion to dismiss the action on the ground that the Court lacks jurisdiction because there is no diversity of citizenship is denied.