PARKVIEW CORPORATION, Plaintiff,

v.

The DEPARTMENT OF the ARMY, CORPS OF ENGINEERS, CHICAGO DISTRICT, Lawrence F. Coffill, acting district engineer, Chicago District, Defendants,

v.

The CITY OF NEENAH, a Municipal Corporation, Defendant.

No. 78–C–530.

United States District Court, E. D. Wisconsin.

Sept. 13, 1978.

DiRenzo & Bomier by Howard T. Healy, Neenah, Wis., for plaintiff.

Joan F. Kessler, U. S. Atty. by Charles H. Bohl, Asst. U. S. Atty., Milwaukee, Wis., for The Department.

James B. Gunz, City Atty., Neenah, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This action is before me on the plaintiff's motion for a preliminary injunction.

For purposes of this motion, the following facts appear to be uncontroverted. Since 1968, the plaintiff corporation has owned land in the Lake Edge Park Plat adjacent to Lake Winnebago located in the city of Neenah, Wisconsin. The city has installed sewer and water lines and other improvements to lots in the Lake Edge Park Plat, and the plaintiff has developed and sold homes in the area since 1968.

In April, 1977, the plaintiff requested that the city install sewer, storm and water mains and other improvements to the remaining lots in the plat. The city's contractor began making the requested improvements in the summer of 1977. In September, 1977, the Wisconsin Department of Natural Resources and the Army Corps of Engineers (COE) ordered the city to stop making the improvements because some of the construction involved the placing of fill in a "wetland area" in violation of state and federal law.

Thereafter, the city removed some of the fill and other materials complained of, and the Wisconsin Department of Natural Resources upon a subsequent inspection found that there no longer was any fill located below the "ordinary high water mark" of Lake Winnebago in violation of the Wisconsin statutes and department regulations.

However, the COE in October, 1977, and March, 1978, determined that the fill and other improvements constructed by the city in the platted roadways of Glenayre and Skyview Drives were placed in a wetland area in violation of federal law. The roadways in question were made to provide access to the several lots owned by the plaintiff, and the sewer and water lines and other improvements provided utility services to the lots.

In March, 1978, the COE ordered the city to remove the improvements. In July, 1978, the city common council voted to comply with the COE's order, and the city advertised for and received bids from contractors for removal of the fill and improvements. Thereafter, the plaintiff commenced this action to forestall the planned removal operations.

The plaintiff's complaint asserts five causes of action. The first seeks injunctive relief; the second alleges a failure to comply with administrative procedures claimed to be applicable to the COE's actions and seeks judicial review; the third also seeks judicial review, alleging that the COE acted in excess of its authority; the fourth seeks declaratory relief finding that the COE acted beyond its jurisdiction; and the fifth seeks damages.

The present motion is for a preliminary injunction restraining the city and the COE from removing the fill and other materials from Glenayre and Skyview Drives. By letter dated August 29, 1978, the city informed the court that it does not oppose the issuance of the preliminary injunction requested by the plaintiff. The stated reason for its position is that the city "cannot reasonably comply with the request of the U.S. Corps of Engineers unless and until the issues raised in Parkview's complaint are decided on the merits." The COE opposes the motion and has filed a brief and affidavits supporting its position.

■ The prerequisites for granting a preliminary injunction were set forth in *Fox Valley Harvestore, Inc. v. A. O. Smith Harvestore Products, Inc.*, 545 F.2d 1096, 1097 (7th Cir. 1976). The plaintiff must show (1) that it has no adequate legal remedy and will suffer irreparable harm if the injunction does not issue; (2) that the threatened injury to the plaintiff is greater than the harm the injunction may cause the defendant; (3) that the plaintiff has at least a reasonable likelihood of success on the merits; and (4) that the public interest will not be disserved.

■ I am satisfied that the plaintiff has no remedy at law adequate to prevent the harm that will occur to it without an injunction, and the COE does not argue to the contrary. The marketability of the plain-

tiff's lots is likely to be adversely affected by the removal operations, and the plaintiff will be deprived of its use of the land. The COE has made no claim that the requested injunction will have any effect adverse to its interests. Although the COE asserts that the public interest will be disserved if the environmental wrong is not redressed by restoration, no suggestion is made that the restoration would not be as effective after a trial on the merits.

The COE contests only the plaintiff's claim that it has a reasonable likelihood of success on the merits. The first, third, fourth and fifth causes of action alleged in the complaint are all predicated on the plaintiff's contention that the fill and materials in question are not located in a wetlands area or, at least, within a wetlands area over which the COE has jurisdiction. The second cause of action rests on the premise that the COE's order to the city to remove the improvements and fill constituted an "adjudication" within the meaning of the Administrative Procedure Act, 5 U.S.C. § 551(7), thereby requiring that the procedures set forth in 5 U.S.C. §§ 554 and 556 be followed in issuing the order. Since the COE did not hold a hearing or adhere to the other procedures specified in the act, the plaintiff alleges it has suffered a legal wrong entitling it to judicial review pursuant to 5 U.S.C. § 702.

The COE has not responded to the plaintiff's claim that it has failed to follow required procedures in issuing the removal order. However, my review of the Administrative Procedure Act and other pertinent authorities persuades me that the plaintiff is not reasonably likely to succeed on the merits of this claim. Even assuming that the COE's order constitutes an adjudication within the meaning of § 551(7), §§ 554 and 556 only apply "in every case of adjudication required by statute to be determined on the record after opportunity for an agency hearing."

By analogy, the Administrative Procedure Act applies to refuse discharge license application proceedings under 33 U.S.C. § 1342. *United States Steel Corp. v. Train,*
556 F.2d 822 (7th Cir. 1977). However, § 1342 specifically requires that an opportunity for a public hearing be afforded. The plaintiff points to no similar provision requiring a hearing before a compliance order is issued under 33 U.S.C. § 1319. Thus, I find that the plaintiff is not reasonably likely to succeed on the merits of its second cause of action.

More substantial, in my judgment, is the plaintiff's argument that the COE's order is jurisdictionally defective. I am troubled at the outset with both the plaintiff's and the COE's assumption that the COE issued its compliance order under authority of the Federal Water Pollution Control Act Amendments of 1972, now encompassed within the Clean Water Act of 1977, 33 U.S.C. § 1251 et seq. As far as I have been able to discover, the Secretary of the Army, acting through the COE, is authorized to issue permits, after conducting public hearings, for the discharge of fill material at specified disposal sites under 33 U.S.C. § 1344. However, there is no indication that the COE is authorized to issue compliance orders under 33 U.S.C. § 1319. The enforcement provisions of § 1319 are within the jurisdiction of the administrator of the Environmental Protection Agency. The complaint and affidavits of the plaintiff suggest that the COE purported to issue a compliance order and that a permit proceeding was never entertained. In my judgment, this undertaking by the COE may have been beyond its authority and casts substantial doubt on the propriety of the compliance order.

Furthermore, the plaintiff has raised a substantial question as to whether the two roadways in question are located within a wetlands area as defined by the COE's own regulations. 33 C.F.R. 209.120. The plaintiff relies on a version of the COE's regulations that was in force at the time the improvement work was begun, and the COE relies on a newer version which became effective July 19, 1977.

In my judgment, the plaintiff's showing regarding the likelihood of success on the merits, coupled with the absence of any

claim that the defendants would be harmed if an injunction were granted, justify my granting the plaintiff's motion.

Therefore, IT IS ORDERED that the plaintiff's motion for a preliminary injunction be and hereby is granted. All of the defendants are enjoined from removing fill, appurtenant structures and any other materials on Glenayre and Skyview Drives, located in the Lake Edge Park Subdivision in the city of Neenah, Winnebago County, Wisconsin, pending a hearing on the merits of this action.