**PARKVIEW CORPORATION, Plaintiff,**

v.

**The DEPARTMENT OF the ARMY CORPS OF ENGINEERS, Chicago District, Lawrence P. Coffill, Acting District Engineer, Chicago District, and The City of Neenah, a municipal corporation and United States of America, Defendants.**

**No. 78–C–530.**

United States District Court,
E. D. Wisconsin.

Jan. 24, 1980.

**146**

DiRenzo & Bomier by Howard T. Healy, Neenah, Wis., for plaintiff.

Joan F. Kessler, U. S. Atty., by Charles H. Bohl, Asst. U. S. Atty., Milwaukee, Wis., for The Dept. of Army Corps of Engineers.

James B. Gunz, City Atty., Neenah, Wis., for City of Neenah.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This matter is before me on the plaintiff's motion to amend its complaint and on the motion of the Department of the Army Corps of Engineers (COE), and the United States to dismiss the complaint and to dissolve the preliminary injunction currently pending in this case. For reasons which follow, the former motion will be granted, and the latter will be denied.

Since 1968, the plaintiff corporation has owned land in the Lake Edge Park Plat adjacent to Lake Winnebago located in the city of Neenah, Wisconsin. The city has installed sewer and water lines and other improvements to lots in the Lake Edge Park Plat, and the plaintiff has developed and sold homes in the area since 1968.

In April, 1977, the plaintiff requested that the city install sewer, storm and water mains and other improvements to the remaining lots in the plat. The city's contractor began making the requested improvements in the summer of 1977. In September, 1977, the Wisconsin Department of Natural Resources and COE ordered the city to stop making the improvements because some of the construction involved the

placing of fill in a "wetland area" in violation of state and federal law.

Thereafter, the city removed some of the fill and other materials complained of, and the Wisconsin Department of Natural Resources upon a subsequent inspection found that there no longer was any fill located below the "ordinary high water mark" of Lake Winnebago in violation of the Wisconsin statutes and department regulations.

However, the COE in October, 1977, and March, 1978, determined that the fill and other improvements constructed by the city in the platted roadways of Glenayre and Skyview Drives were placed in a wetland area in violation of federal law. The roadways in question were made to provide access to the several lots owned by the plaintiff, and the sewer and water lines and other improvements provided utility services to the lots.

In March, 1978, the COE ordered the city to remove the improvements. In July, 1978, the city common council voted to comply with the COE's order, and the city advertised for and received bids from contractors for removal of the fill and improvements. Thereafter, the plaintiff commenced this action to forestall the planned removal operations. On September 13, 1978, I granted the plaintiff's motion for a preliminary injunction enjoining the defendants from removing fill materials on Glenayre and Skyview Drives.

## I. MOTION FOR LEAVE TO AMEND COMPLAINT

■ The plaintiff's proposed amended complaint differs from its original complaint in several respects. The proposed complaint has dropped allegations found in the original complaint regarding the validity of the finding by the COE that the filled areas in question were located in a wetlands area. The proposed complaint adds the allegations that the COE acted without statutory authorization in ordering the fill to be removed, and it also adds the allegations that the COE's order was arbitrary and capricious in that it failed to consider the effect of the order on the plaintiff and the public.

In *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), the Supreme Court held that a liberal standard is to be applied to motions for leave to amend pleadings:

"Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires; this mandate is to be heeded. See generally, 3 Moore, Federal Practice (2d ed. 1948), ¶¶ 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be freely given."

The United States in opposition to the plaintiff's motion for leave to amend its complaint urges that the proposed amendment would unfairly prolong this litigation by introducing a new legal theory into the case. I disagree.

In my decision and order dated September 13, 1978, D.C., 455 F.Supp. 1350, granting the plaintiff's motion for a preliminary injunction, I stated:

"More substantial, in my judgment, is the plaintiff's argument that the COE's order is jurisdictionally defective. I am troubled at the outset with both the plaintiff's and the COE's assumption that the COE issued its compliance order under authority of the Federal Water Pollution Control Act Amendments of 1972, now encompassed within the Clean Water Act of 1977, 33 U.S.C. § 1251 et seq. As far as I have been able to discover, the Secretary of the Army, acting through the COE, is authorized to issue permits, after conducting public hearings, for the discharge of fill material at specified disposal sites under 33 U.S.C. § 1344. How-

148

ever, there is no indication that the COE is authorized to issue compliance orders under 33 U.S.C. § 1319. The enforcement provisions of § 1319 are within the jurisdiction of the administrator of the Environmental Protection Agency. The complaint and affidavits of the plaintiff suggest that the COE purported to issue a compliance order and that a permit proceeding was never entertained. In my judgment, this undertaking by the COE may have been beyond its authority and casts substantial doubt on the propriety of the compliance order."

Thus, the issue whether the Corps had the statutory authority to proceed as it did is not raised for the first time in the plaintiff's proposed complaint. Therefore, the plaintiff's motion for leave to file an amended complaint will be granted.

## II. MOTION TO DISMISS AND TO DISSOLVE PRELIMINARY INJUNCTION

■ The motion of the United States and COE to dismiss the plaintiff's complaint is based primarily on the premise that the gravamen of the plaintiff's case is that the filled areas in question are not wetlands. While that issue was raised in the plaintiff's original complaint, it is not raised in the amended complaint. Accordingly, I believe that the better course is to dismiss the motion to dismiss as moot, without prejudice to the movants' right to move to dismiss the amended complaint.

## III. JOINDER OF THE ADMINISTRATOR OF THE ENVIRONMENTAL PROTECTION AGENCY

The court's resolution of the instant motions as well as those decided previously puts this case in an awkward posture. In my decision and order dated April 18, 1979, I granted the United States' motion for summary judgment and held that the two roadways in question were constructed by discharging fill into a wetland area in violation of 33 U.S.C. § 1311. So long as the case remains in its present posture, the defendants are enjoined from remedying this

violation simply because it is not clear that the United States Army Corps of Engineers has the authority to remedy it. Moreover, the uncertainty presently hanging over the two roads in question adversely affects the plaintiff's ability to market its properties.

■ Under 33 U.S.C. § 1319, it would appear that the administrator of the Environmental Protection Agency (EPA) has the authority to deal with a violation such as the one at bar. Furthermore, as the primary enforcement agency of the Clean Water Act of 1977, the EPA clearly has a stake in the resolution of the instant controversy. In my judgment, the EPA's interest in this suit is sufficient to make it a necessary party under Rule 19, Federal Rules of Civil Procedure. I also believe that by bringing the EPA into this action the underlying controversies between the parties to this suit may be resolved more expeditiously. Under Rule 19, this court may sua sponte order that a party be joined as a party. *Jett v. Zink*, 362 F.2d 723 (5th Cir. 1966); *Merchants National Bank of Winona v. Hartford Accident and Indemnity Co.*, 377 F.Supp. 1344 (D.Minn.1974). Therefore, I will order that the administrator of the EPA be joined as a party defendant in this suit and will direct the plaintiff to serve all the pleadings in this case on the administrator.

Therefore, IT IS ORDERED that the plaintiff's motion to amend its complaint be and hereby is granted.

IT IS ALSO ORDERED that the motion of the United States and the Corps of Engineers to dismiss this action and to dissolve the preliminary injunction presently pending in this case be and hereby is dismissed as moot, without prejudice to the movants' right to move to dismiss the plaintiff's amended complaint.

IT IS FURTHER ORDERED that the administrator of the EPA be joined as a party defendant in this action.

IT IS FURTHER ORDERED that within twenty days of the date of this order the plaintiff serve the administrator with the pleadings in this matter.