Nicolas NOGUERAS–CARTAGENA;
Conciencia Estadista, Inc.,
Plaintiffs,

v.

Pedro ROSSELLO–GONZALEZ;
Comision Estatal De Elec-
ciones, Defendants.

No. Civ. 98–1975(JAF).

United States District Court,
D. Puerto Rico.

Oct. 7, 1998.

Nicolas Nogueras–Cartagena, San Juan, PR, plaintiff or petitioner pro se and on behalf of Conciencia Estadista, Inc.

Gustavo A. Gelpi, Deputy Attorney General for Legal Affairs, Pedro J. Durand, Deputy Attorney General for Litigation Elfrick Mendez–Morales, Director, Federal Litigation Division, Jose A. Fuentes–Agostini, Attorney General, Department of Justice, Commonwealth of PR, San Juan, PR, for defendant or respondent Pedro Rossello–Gonzalez.

### OPINION AND ORDER

FUSTE, District Judge.

Plaintiffs, Nicolás Nogueras–Cartagena ("Nogueras") and Conciencia Estadista, Inc., filed the present declaratory judgment and injunctive relief action in the Court of First Instance of Puerto Rico, Superior Court Section, San Juan Part against Defendants Pedro Rosselló–González ("Rosselló"), President of the New Progressive Party and Governor of Puerto Rico, and the State Elections Commission. Plaintiffs challenge the validity of Puerto Rico Law No. 249 ("Law 249"), of August 17, 1998, ... L.P.R.A. (4)6D (1998), alleging that Law 249 violates several federal and local constitutional provisions and statutes.

On August 19, 1998, Defendant Rosselló voluntarily appeared in the local court and filed a notice of removal, pursuant to 28 U.S.C. §§ 1441(a) and (b) and 1446(a) and (b). Once the action was removed, Plaintiffs then voluntarily dismissed the Complaint before this court against Defendant Rosselló as a matter of course, pursuant to Fed.R.Civ.P. 41(a)(1). Plaintiffs also filed a motion to remand the case against the remaining Defendant, the State Elections Commission. Defendant Rosselló opposed the remand. Having examined the motion to remand and the opposition thereto, the court denies the motion to remand, finding that removal federal question jurisdiction is present, and deciding that Pedro Rosselló–González must remain as an indispensable party, irrespective of plaintiffs' attempt to dismiss the complaint against him, attempting to defeat jurisdiction.

### I.

### Background

Plaintiff Nogueras is a native resident and domiciliary of Puerto Rico, a registered voter, and claims to be a member of the New Progressive Party, of which Governor Rosselló is Party President. Plaintiff is a proponent of statehood for Puerto Rico, believing that Puerto Rico should become a state of the United States of America, fully equal with the other states. In accordance with these views, Plaintiff founded the *Juventud Estadista Puertorriqueña* in 1955 and has held posts as President of the Presidential Directorate of the Republican Statehood Party, Senator of the New Progressive Party,

and Vice–President of the Puerto Rico Senate.

On August 17, 1998, Defendant Governor Rosselló, following approval by the Puerto Rico Legislative Assembly, signed Law 249, which provides for a plebiscite or referendum vote to determine the political status of Puerto Rico, to be held on December 13, 1998.

Two days later, Plaintiffs filed the present action, pursuant to Puerto Rico Rules of Procedure 55, 57, and 59, 32 L.P.R.A. app. III R. 55, 57 and 59, governing the extraordinary writs of injunction and declaratory judgment; Sections 649 to 661 and 657 to 677 of the Puerto Rico Civil Code, 32 L.P.R.A. §§ 649–661, 657–677; Sections 1, 2, 4, 6, 7, and 19 of the Bill of Rights of the Constitution of Puerto Rico, 1 L.P.R.A. Const. Art. II §§ 1, 2, 4, 6, 7, and 19; the First, Fifth, and Fourteenth Amendments to the United States Constitution, U.S. Const. amend. I, V and XIV; Sections 1 and 3 of Article VII of the Constitution of Puerto Rico, 1 L.P.R.A. Const. Art. I and III; the Treaty of Paris of 1898 between the United States and Spain, under which Puerto Rico was ceded to the United States, Treaty of Peace (Treaty of Paris), Dec. 10, 1898, U.S.–Spain, T.S. No. 343; Public Law No. 600, of 1950, 48 U.S.C. § 731; the Federal Relations with Puerto Rico Act of 1950, 48 U.S.C. § 731; and Joint Resolution 447 of 1952, of the United States Congress, S.Con.Res. 447, 82nd Cong. (1950) (enacted).

Plaintiffs allege that Law 249 violates the First, Fifth, and Fourteenth Amendments to the United States Constitution; provisions of the law enacting the referendum violate the Constitution of the Commonwealth of Puerto Rico; the language on the ballot of the referendum is intrinsically deceitful, unfair, vague, and confusing; enactment of certain provisions of the law will unconstitutionally delegate authority to the United States Congress to intervene in the internal legislative process of the Government of Puerto Rico; the registration process will disenfranchise certain voters; the referendum contravenes the federal laws that established the Commonwealth of Puerto Rico; and the Law constitutes an arbitrary and capricious exercise of the State's power and excessive use of public funds.

On that same day, prior to service of process upon either Defendant, Defendant Rosselló voluntarily appeared in local court after waiving service of summons, and filed a notice of removal pursuant to 28 U.S.C. §§ 1441(a) and (b) and 1446(a) and (b), arguing that the present case "arises [among others] under the Constitution, treaties or laws of the United States" and, therefore, this court has federal question jurisdiction under 28 U.S.C. § 1331.

Subsequently, on September 4, 1998, Plaintiffs voluntarily dismissed all claims against Defendant Rosselló as a matter of course pursuant to Fed.R.Civ.P. 41(a)(1), and filed a motion to remand the case, alleging that there was a lack of federal jurisdiction against the remaining Defendant State Elections Commission. Plaintiff Nogueras argued that since all claims against Defendant Rosselló had been voluntarily dismissed, the removal was in violation of 28 U.S.C. § 1446(b), since Defendant Rosselló had not been served with process at the time of filing of the notice of removal.

## II.

### *Federal Question Jurisdiction*

■ The threshold issue is whether the court has subject matter jurisdiction over this suit to declare rights and enjoin a referendum on the political status of Puerto Rico. Federal courts have jurisdiction over cases and controversies arising under the Constitution of the United States, treaties, and federal statutes. Jurisdiction in this case is founded upon the federal question statute, 28 U.S.C. § 1331, which mandates that the federal question appear from the four corners of plaintiff's properly pleaded complaint. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *BIW Deceived v. Local S6,* 132 F.3d 824, 831 (1st Cir.1997). The federal element must be created by the Constitution, treaties or laws of the United States and be essential to the case. *Gully v. First National Bank,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). Thus, the question becomes whether the

claim presented is both necessarily federal in nature and central to the case. *Id.* at 112–13, 57 S.Ct. 96.

Federal question subject matter jurisdiction applies equally to cases originally brought in federal court and those removed from the state courts. 28 U.S.C. § 1441. Defendants may remove a case from state to federal court if the matter could properly have been brought by the plaintiff to federal court. Therefore, Plaintiffs' removed complaint must present a federal question in order for this court to have subject matter jurisdiction.

■ Plaintiffs plead a number of federal claims, including a challenge to the constitutionality of Law 249 based on the First, Fifth, and Fourteenth Amendments of the United States Constitution, U.S. Const. amend. I, V and XIV. *Petition, ¶ 1, Attachment to Docket Document No. 1.* Plaintiffs also ground their cause of action on, among other federal law bases, the 1898 Treaty of Paris between Spain and the United States, Treaty of Peace (Treaty of Paris), Dec. 10, 1898, U.S.–Spain, T.S. No. 343; Public Law No. 600 of 1950, 48 U.S.C. § 731; the Federal Relations with Puerto Rico Act of 1950, 48 U.S.C. § 731; and Joint Congressional Resolution 447 of 1952, S.Con.Res. 447, 82nd cong. (1950) (enacted). *Petition, ¶ 1, Attachment to Docket Document No. 1.* Clearly, plaintiffs raise both federal constitutional issues and federal statutory questions on the face of their complaint.

As the referendum at issue deals with the legal status of Puerto Rico and its character as a legal political entity, this case will necessarily examine the federal statutes establishing the Commonwealth of Puerto Rico and the legal relationship between the United States and Puerto Rico. Resolution of this lawsuit may also compel a determination of the effects, if any, the present referendum will have on Puerto Rico's status and its relationship with the United States.

We note that Puerto Rico's past electoral disputes have brought about instances of federal court involvement. Many of those disputes have been adjudicated as federal questions by the federal courts. *See New Progressive Party v. Colon,* 779 F.Supp. 646 (D.P.R.1991) (challenge to referendum on political status of Puerto Rico); *Rodriguez v. Popular Democratic Party,* 457 U.S. 1, 102 S.Ct. 2194, 72 L.Ed.2d 628 (1982) (challenge to Puerto Rico by-election laws); *Torres Torres v. Comision Estatal de Elecciones de Puerto Rico,* 700 F.Supp. 613 (D.P.R.1988) (challenge by decertified mayoral candidate to Puerto Rico electoral laws); *Partido Nuevo Progresista v. Hernandez Colon,* 415 F.Supp. 475 (D.P.R.1976) (challenge to Puerto Rico electoral code regarding contributions to political parties). Thus, the political legal status issues herein raised, including the relevance of federal statutes establishing Puerto Rico's current status and the relationship between Puerto Rico and the United States, are both federal in nature and essential to the resolution of the present case.

Based on the foregoing, we find that plaintiffs' complaint raises questions which are not foreign to federal question jurisdiction. Consequently, this court finds that removal was proper; and that this court has subject matter jurisdiction under the federal question statute, 28 U.S.C. § 1331, and supplemental jurisdiction over the concomitant state law issues pursuant to 28 U.S.C. § 1367(a).

## III.

### *Effect of Voluntary Dismissal on Federal Removal Jurisdiction*

Fed.R.Civ.P. 41(a)(1) establishes a plaintiff's absolute right to voluntarily dismiss some or all defendants or claims prior to service of a defendant's answer or motion for summary judgment without a court order, that is, as a matter of course. *Wilson v. City of San Jose,* 111 F.3d 688, 692 (9th Cir.1997). Upon filing a motion pursuant to Fed. R.Civ.P. 41(a)(1), the dismissal becomes immediately effective, and the action is automatically terminated as to the defendants who are subject to notice. The result is to put the parties in the same position as if no action had been brought.

■ Prior to service of an answer, the right to voluntary dismissal extends equally to cases removed from state court and cases originally commenced in federal court. Removal statutes are strictly construed against removal. Generally all doubts are resolved

in favor of remand. *Shamrock Oil and Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). The general rule requires complete consensus for removal among all Defendants served at the time of filing of the notice of removal. *Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Services,* 925 F.2d 866 (5th Cir. 1991). However, any party may waive service of process by consenting to the court's jurisdiction without being summoned. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982).

■ Plaintiffs properly filed their notice of voluntary dismissal prior to either Defendant's service of an answer or filing of a motion for summary judgment. However, in this case neither Defendant had been served with process on August 28, 1998, when the notice for removal was filed. Therefore, the one-party notice of removal in this case was proper as neither Defendant had been served, Defendant Rosselló waived such service upon filing, and Defendant State Elections Commission was not required to join in the notice of removal, since service of process had not effected.

While Defendant Rosselló filed the petition for removal, such petition does not signal the end of the period for voluntary dismissal as a matter of course. Thus, according to the foregoing facts, it seems that Plaintiffs' motion to remand should be granted. However, the court must look to the action in its entirety to determine whether Defendant Rosselló, as a momentarily-dismissed defendant, can reenter the litigation as a necessary, indispensable party pursuant to Fed.R.Civ.P. 19(a).

## IV.

### *The Governor of Puerto Rico and Fed.R.Civ.P. 19(a)*

Fed.R.Civ.P. 19(a) authorizes the court to join necessary parties who are subject to service of process and whose joinder does not destroy jurisdiction.[1] Under Fed.R.Civ.P. 19(a), an indispensable party has an interest in the subject matter of the case such that, in the absence of the party, the disposition of the case negatively affects the party's ability to protect that interest. Therefore, the question before the court is whether the voluntary dismissal of Defendant Rosselló will impair his ability to enforce Law 249, such that he is an indispensable party within the meaning of Fed.R.Civ.P. 19(a).

Fed.R.Civ.P. 19(a) recognizes that complete relief cannot be granted when the party maintaining practical control over the actions at issue is not joined in the suit. *See, e.g., Tillman v. City of Milwaukee,* 715 F.2d 354, 358 (7th Cir.1983) (state agency vested with responsibility of controlling, supervising, and approving participation in apprenticeship program plaintiff sought to rejoin should have been joined in the action); *Martin v. Local 147, Intern. Brotherhood of Painters and Allied Trades, AFL—CIO–CFL,* 775 F.Supp. 235, 237 (N.D.Ill.1991) (International Union should have been joined due to its supervision and direction of the elections at issue). A state officer may be named as a party defendant provided such officer has some connection with the enforcement of the statute in question, which connection may be created by the statute itself or may arise out of the general law. *Ex parte Young,* 209 U.S. 123, 156–58, 28 S.Ct. 441, 52 L.Ed. 714 (1908); *Socialist Workers Party v. Rockefeller,* 314 F.Supp. 984, 988 (S.D.N.Y.1970).

■ An integral component of Defendant Rosselló's official duty as governor is to execute the laws of the Commonwealth of Puerto Rico. P.R. Const. Art. IV § 4. After approval by the Puerto Rico Legislative Assembly, Defendant Rosselló enacted ·the challenged statute with his signature on August

---

1. Fed.R.Civ.P. 19(a) in relevant part states:
   A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest.

17, 1998. *Petition, ¶ 4, Attachment to Docket Document No. 1.* Thus, it is clear Defendant Rosselló is the government official who is charged with ensuring the implementation and execution of Law 249 concerning the legal status of Puerto Rico and the relationship with the United States. Furthermore, Section 29 of Law No. 249 instructs the Governor of Puerto Rico, following certification by the President of the State Elections Commission, to certify the results of the December 13, 1998 plebiscite to the President and Congress of the United States. A judicial determination that Law No. 249 is invalid will directly impede Defendant Rosselló's ability to carry out his duties to execute the laws under the Constitution of Puerto Rico and impair his ability to protect the important governmental interest in the plebiscite as to both Puerto Rico and the United States. If Defendant Rosselló is excluded from the action, he will be precluded from raising any defenses or asserting the important governmental interest to which he is entrusted in his role of Governor of the Commonwealth of Puerto Rico. *See Puerto Rico Maritime Shipping Authority v. Leith,* 668 F.2d 46, 50 (1st Cir.1981) (allegations by defendants of being precluded from raising any defenses or asserting any claims in Commonwealth court would constitute legal prejudice and violate good-faith standard). It follows that to ensure the governor's ability to perform his duties and protect the government's interest, Defendant Rosselló must be a party to these proceedings.[2]

Given that Defendant Rosselló is an indispensable party to the present case, the obvious and appropriate remedy is joinder. *See Bradley v. Milliken,* 484 F.2d 215 (6th Cir. 1973) (holding that school districts affected by desegregation decree were "necessary parties" and, therefore, as a prerequisite to implementation of a desegregation plan, those districts that would be affected first had to be made a party to the litigation and afforded an opportunity to be heard). Joining Defendant Rosselló as an indispensable

party serves the interests of equity and efficiency because it allows for final resolution of the matter. *See, e.g., Parkview Corp. v. Department of Army Corps of Engineers,* 85 F.R.D. 145 (E.D.Wis.1980) (stating that, "inasmuch as the underlying controversy could be resolved more expeditiously if EPA was brought into the action, the district court would, sua sponte, order that the administrator of EPA be joined as a party"). Accordingly, we join Defendant Rosselló as an indispensable party under Fed.R.Civ.P. 19(a).

## V.

### *Indispensable Parties and Federal Subject Matter Jurisdiction*

██ The next and final matter in this circuitous path to which we must turn is whether this court has subject matter jurisdiction over the litigation, in light of Defendant Rosselló's dismissal and subsequent rejoinder. We recognize that jurisdiction attaches at the outset of a case. As Chief Justice Marshall stated, "jurisdiction [ ] depends on the state of things at the time of the action brought, and ... after vesting, it cannot be ousted by subsequent events." *Mollan v. Torrance,* 9 Wheat. 537, 22 U.S. 537, 539, 6 L.Ed. 154 (1824); *see also Smith v. Sperling,* 354 U.S. 91, 93 n. 1, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957); *Freeport–McMoRan, Inc. v. KN Energy, Inc.,* 498 U.S. 426, 428, 111 S.Ct. 858, 112 L.Ed.2d 951 (1991). In removal situations, courts should determine the "nature of plaintiff's claims from the face of the complaint as it stood at the time the petition for removal was filed." *Ching v. Mitre Corp.,* 921 F.2d 11, 13 (1st Cir.1990). This rationale has been applied to situations where one party dies and a non-diverse representative is substituted, *Dunn v. Clarke,* 33 U.S. 1, 8 Pet. 1, 8 L.Ed. 845 (1834), and where a permissive party plaintiff has been added. *American Nat. Bank & Trust Co. of Chicago v. Bailey,* 750 F.2d 577, 582–83 (7th Cir. 1984). However, where an additional plaintiff is added after commencement of the suit and that additional plaintiff was an indispens-

---

2. The Governor of Puerto Rico has been a proper party before federal court in numerous past federal question challenges to plebiscites. *See New Progressive Party v. Colon,* 779 F.Supp. at 652; *Sola v. Sanchez Vilella,* 390 F.2d 160 (1st Cir. 1968); *Garcia Marrero v. Sanchez Vilella,* 390

F.2d 158 (1st Cir.1968). The Governor of Puerto Rico has also been a party in a federal question action challenging electoral laws of Puerto Rico. *Partido Nuevo Progresista v. Hernandez Colon,* 415 F.Supp. at 477–78.

able party when the complaint was filed, the court must reexamine the jurisdictional issue. *Id.; see also Costain Coal Holdings, Inc. v. Resource Inv. Corp.*, 15 F.3d 733, 734 (7th Cir.1994) (in the context of removal, intervention of a non-diverse party destroys federal jurisdiction as of the time the action commenced); *Freeport–McMoRan, Inc. v. KN Energy, Inc.*, 498 U.S. at 426, 111 S.Ct. 858.

■ Plaintiffs originally named Defendant Rosselló as a party to this litigation when the case was filed—at the time jurisdiction attached. This jurisdiction, Plaintiffs argue, was destroyed by their voluntary dismissal; however, the subsequent rejoinder of Defendant Rosselló as a necessary party preserves this court's jurisdiction as of the time the action was originally brought.[3] Joining Defendant Rosselló as an indispensable party provides that he could again remove this action to federal court, a scenario which is highly likely to occur. Thus, it makes no sense for us to remand this case. Defendant Rosselló is considered a party to this action since the original date of filing.

■ While a plaintiff is the master of his complaint and, as such, is free to voluntarily dismiss part of or the entire action, that right is not unconditional. As all rights in our judicial system, a plaintiff's right to voluntarily dismiss an action must be exercised in good faith and not as an attempt to manipulate jurisdiction.[4] Just as a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint, *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 22, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983), logic compels us to conclude that a plaintiff may not defeat removal jurisdiction by voluntarily dismissing one of the parties. *See Ching v. Mitre Corp.*, 921 F.2d at 13 (holding that an amendment to a

complaint after removal designed to eliminate federal jurisdiction is inconsequential to the court's determination as to whether the action was properly removed).

Defendant Rosselló was an original party to this action who was voluntarily dismissed upon filing a notice of removal. Our analysis has concluded that Defendant Rosselló is an indispensable party and should be a party to this suit whether it be in state or federal court. Since this case raises important federal questions and constitutional issues, federal court is the proper forum by virtue of the statutory removal process invoked by the moving defendant. Thus, in the interests of equity, this court maintains the case and joins Defendant Rosselló as an indispensable party.

The Motion to Remand is **DENIED.** This jurisdictional decision in no way addresses the merits of the underlying controversy.

**IT IS SO ORDERED.**

---

**3.** The rejoinder of Defendant Roselló does not compel a reexamination of the court's jurisdiction because Defendant Roselló was an original party when the action was commenced and jurisdiction attached at that time.

**4.** The rejoinder of Defendant Rosselló does not compel a reexamination of the court's jurisdiction because Defendant Rosselló was an original party when the action was commenced and jurisdiction attached at that time.

This court agrees with the commentators that the Federal Rules of Civil Procedure should be further amended to curb the right of voluntary dismissal when used as a tactical tool to frustrate removal and in such a way that prejudices a defendant's statutory right to choose the forum. *Accord,* 5 MOORE'S FEDERAL PRACTICE 41.02(3). *See also Hinkle's Jeep Sales, Inc. v. Villa Enterprises, Inc.,* 90 F.R.D. 49 (S.D.Fla.1981).